A00A1100. WHITE v. SUNTRUST BANK.
(538 SE2d 889)

Barnes, Judge.

Kenneth E. White III appeals the probate court's order denying his motions for recusal based on the probate judge's ownership of stock in one of the parties. He also appeals the probate court's grant of motions to dismiss by SunTrust Bank, the executor of his grandmother's estate. We conclude that the probate judge erred in finding that White's motion to recuse was untimely and further erred in concluding that her stock ownership in SunTrust would not disqualify her even if White's motion were timely. We therefore reverse the order denying the motion to recuse, vacate the final judgment, and remand this case for further proceedings.

1. We find no merit in SunTrust's argument that we should not consider White's appeal of the probate court's order denying his motion for disqualification because it was not timely. In support, SunTrust cites *Jabaley v. Jabaley*, 208 Ga. App. 179 (430 SE2d 119) (1993). However, the opinion in *Jabaley* addresses the timeliness of a de novo appeal from probate court to superior court. The case before us, on the other hand, involves an appeal from an August 9, 1999 opinion and order that is final because the case is no longer pending in the court below. OCGA § 5-6-34 (a) (1); see *Herring v. Herring*, 143 Ga. App. 286 (1) (238 SE2d 240) (1977). Further, no issue is presented that the order was final under OCGA § 9-11-54 (b). Therefore, White's September 8, 1999 appeal encompasses not only the final order, but the probate court's previous orders denying White's motion to recuse. OCGA § 5-6-34 (d); *Pierce v. Wendy's Intl.*, 233 Ga. App. 227, 228 (1) (504 SE2d 14) (1998).

2. White filed three motions to recuse. In the first, filed on July 6, 1999, he asserted as grounds that the probate court judge would not disclose whether she owned stock in SunTrust, among other reasons. In a boilerplate order, the judge denied the motion on July 12, 1999. In his second motion to recuse filed July 12, 1999, White asserted that the judge should recuse herself because she owned stock in SunTrust, as evidenced by the financial disclosure form she filed on July 1, 1999. The judge denied the motion on July 19, 1999, holding that

the motion was untimely. The order provides:

> With regard to the timeliness of Petitioner's motion, Petitioner appears to rely in large part upon the State of Georgia Ethics in Government Act Financial Disclosure Statement (a public record) dated June 30, 1999, and apparently filed with the appropriate authority on July 1, 1999. Since the face of the record discloses affirmatively that the document upon which Petitioner relies was available to him no later than July 1, 1999, and that Petitioner filed his motion on July 12, 1999, it appears affirmatively from the face of Petitioner's motion and his supporting documentation that Petitioner's motion was filed more than five days after the date upon which Petitioner knew or should have known of the alleged grounds for disqualification. See *Baptiste v. State*, 229 Ga. App. [691,] 698, 494 S.E.2d [530,] 537 [(1997)]. Therefore, the Court finds Petitioner's motion to be untimely.

White filed his third motion to recuse on July 19, 1999, alleging the probate court judge should be disqualified because she holds stock in SunTrust but said in her July 12, 1999 order that "recusal would not be warranted." The probate court judge denied the motion on July 20, 1999, in another boilerplate order that again found White's motion untimely.

Uniform Probate Court Rule 19.1, which is patterned after Uniform Superior Court Rule 25.1, provides that "[f]iling and presentation to the judge [of the motion to recuse] shall be not later than 5 days after the affiant first learned of the alleged grounds for disqualification. . . ." Nothing in the rule provides that the motion must be filed within five days after the affiant "should have known" of the alleged grounds. In his affidavit supporting the motion, White avers that he or his former attorney had several times asked the court to disclose its ownership in SunTrust, and the record is replete with documents showing White's efforts to establish whether the probate court judge held stock in SunTrust.

In other cases in which we have affirmed a trial court's ruling that a motion to recuse was not timely, the motions were based on actions by the party bringing the motion, such as filing a suit against the judge, or actions that occurred during trial, such as finding an attorney in contempt. *Quarterman v. Quarterman*, 268 Ga. 807, 808-809 (4) (493 SE2d 146) (1997); *Foody v. State*, 200 Ga. App. 230 (407 SE2d 469) (1991). This court has found no cases holding that the five-day limit begins to run on the day the petitioner "should have known" a fact. Furthermore, to refuse disclosure and then hold that White's motion was untimely because he "should have known" that the pro-

bate judge filed a disclosure statement several days earlier would be an injustice.

3. The probate court further held that, even if White's motion for recusal had been timely, his affidavits failed to set forth the facts upon which the allegations were based, and even if alleged facts were assumed true, they did not show that the judge had "a direct pecuniary or property interest in the subject matter of the litigation."

OCGA § 15-1-8 (a) (1) provides that no judge of any court shall sit "in any case or proceeding in which he is pecuniarily interested." Judicial Qualifying Commission Op. No. 76 (December 6, 1985) provides that a judge who holds stock in a corporation that is a party to a suit should recuse herself from the case. "A stockholder has a property interest in the corporation and the judge would, therefore, have a pecuniary interest and would be disqualified in any case to which the corporation was a party." Id.

SunTrust argues that, "[e]ven if the Probate judge has a share of stocks in SunTrust Bank affiliates, such facts would not warrant her disqualification in this case, as SunTrust has no financial interest in the outcome of the proceedings," citing *Estate of Norton v. Hinds*, 182 Ga. App. 35 (354 SE2d 663) (1987). However, the opinion in *Norton* does not support this proposition of law. Rather, the *Norton* court held that one cannot sue "an estate," but must sue "in the name of a personal representative — an executor, administrator, etc." Id. at 36. It does not stand for the proposition that the executor of an estate has no financial interest in the outcome of the proceedings, but for the proposition that an executor is a "party." See *Adams v. McGehee*, 211 Ga. 498, 499 (3) (86 SE2d 525) (1955); *Ga. Power Co. v. Watts*, 184 Ga. 135, 141 (2) (190 SE 654) (1937). Because the will itself provides that SunTrust will be compensated for acting as executor, it is technically not accurate for SunTrust to assert that it has no financial interest in this case. If White prevails, another bank will serve as executor and will receive the compensation that would otherwise go to SunTrust. The record clearly shows that the probate court judge in this case owns more than $20,000 worth of stock in SunTrust, a party. Therefore, the judge was disqualified from hearing the matter pursuant to OCGA § 15-1-8 (a) (1) and should have granted the motion to recuse.

4. Moreover, the probate court misconstrued its responsibilities in this matter. "A judge should disqualify [herself] in any proceeding in which [her] impartiality might *reasonably* be questioned. [Cit.]" (Emphasis in original.) *In re Complaint against Broome*, 245 Ga. 227, 228 (264 SE2d 656) (1980). The Code of Judicial Conduct provides a broader rule of disqualification than that contained in OCGA § 15-1-8. *Stephens v. Stephens*, 249 Ga. 700, 701 (292 SE2d 689) (1982).

A conflict of interest such as is present in this case should be resolved by the court itself through disqualification rather than requiring a party to move to recuse the judge. More significantly, however, judges are required to avoid not just impropriety, but the appearance of impropriety in their activities. Canon 2, Code of Judicial Conduct. "This is so because public confidence in and respect for the judiciary must be maintained." *In the Matter of Inquiry Concerning a Judge No. 97-61*, 269 Ga. 425 (499 SE2d 319) (1998).

Moreover, Canon 3 requires that "[j]udges *shall* disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where: . . . the judge . . . is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding." (Emphasis supplied.) Canon 3 (E) (1) (c) (iii), Code of Judicial Conduct. Thus, even if the judge believed that in this case she could proceed notwithstanding her financial interest in SunTrust, the judge was required to inform the parties of her financial interest and ask them whether they wanted to waive the disqualification. She was not authorized to keep such information private and proceed to try the case.

After considering these canons in light of JQC Op. No. 76, discussed above, we find that, even without a motion to recuse, the probate judge should have volunteered to disqualify herself or, at a minimum, disclosed her interest to the parties. Her failure to do so, particularly when White sought this very information, is inexcusable.

The probate court judge's rulings in this case are reversed, the final judgment is vacated, and the case is hereby remanded to the Probate Court of Muscogee County for further proceedings not inconsistent with this opinion.

*Judgment vacated and remanded. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 8, 2000.

Kenneth E. White III, *pro se.*

Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., John M. Sheftall, Carter R. Page, J. Barrington Vaught, Joseph L. Waldrep, for appellee.