A04A1187. EASTSIDE BAPTIST CHURCH v. VICINANZA et al.
(603 SE2d 681)

BLACKBURN, Presiding Judge.

Eastside Baptist Church ("Eastside"), defendant below, appeals the trial court's order enjoining it from contacting and settling with putative class members prior to class certification in a suit brought by Steve and Cheryl Vicinanza (the "Vicinanzas") seeking damages relating to the molestation of certain children by a tae kwon do instructor employed by Eastside. On appeal Eastside argues, among other things, that the trial judge erred by failing to recuse himself from this case due to an undisputed conflict of interest. Because the trial judge should have recused himself from this case based on the undisputed conflict, we must vacate the trial court's orders enjoining Eastside from contacting putative class members and remand this matter so that it may be heard by another judge.

Although the facts underlying the Vicinanzas' class action are complicated and the procedural route of this case to this point has been tortuous, we must narrowly focus on those facts relevant to determine whether the trial judge's impartiality might reasonably be questioned if he continues to preside over the present matter. Approached from this perspective, the following facts of record are undisputed and controlling in this matter. On June 18, 2002, the

Vicinanzas, parents of a child who was molested by a tae kwon do instructor employed by Eastside, filed a complaint in Cobb County Superior Court seeking damages for Eastside's failure to supervise the instructor.[1] The Vicinanzas later amended their complaint to seek class certification on behalf of other children molested by the same instructor. Although the trial court has not ruled on the Vicinanzas' request for class certification, it has entered two orders purporting to prevent Eastside from contacting putative class members in an attempt to settle the matter, an oral order entered on October 30, 2003, and a written order entered on December 10, 2003.

Some time prior to the date that the Vicinanzas' lawsuit was placed on the present trial judge's docket, lead counsel for the Vicinanzas filed another class action lawsuit currently pending against Life University. That lawsuit names as defendants all the members of the Board of Trustees of Life University in their individual capacities, except for the trial judge here, who is a present and longtime trustee of the university. The lawsuit alleges that all of the university's trustees are "jointly and severally liable," thereby directly subjecting the trial judge in the present matter to possible liability in the Life University case.

These undisputed facts create a direct conflict of interest for the trial judge presiding over this case. As a result of this undisputed conflict, the trial judge should have recused himself from the Vicinanzas' lawsuit sua sponte.

Canon 3E of the Code of Judicial Conduct provides: "(1) Judges *shall* disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where: . . . (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer." (Emphasis supplied.)

The official commentary to this rule further explains:

> Under this rule, judges are subject to disqualification whenever their impartiality might reasonably be questioned, regardless of whether any of the specific rules in Section 3E (1) apply. . . . Judges should disclose on the record information that the court believes the parties or their lawyers might consider relevant to the question of disqualification, even if they believe there is no legal basis for disqualification.

An objective standard must be employed when considering the necessity of disqualification. As the phrase is used in Canon 3E (1),

---

[1] Prior to the initiation of the Vicinanzas' lawsuit, the Eastside instructor had been found guilty by a jury of molesting 21 children.

"[i]mpartiality might reasonably be questioned" means a reasonable perception, of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference; it is not based upon the perception of either interested parties or their lawyer-advocates, seeking to judge shop and to gain a trial advantage, because both of their credibility is suspect from self-interest. Recusal on this ground requires a rational basis for such questioning, not an arbitrary basis, even though no actual impropriety on the part of the trial court judge has been shown.

(Citation and punctuation omitted.) *Baptiste v. State.*[2] See also OCGA § 15-1-8.

Given his position as a longstanding director, the trial judge in this case should have been aware of the lawsuit against Life University, and he should also have been cognizant of the conflicting position he would be in if he continued to preside over the Vicinanzas' action. This is exactly the type of situation in which the trial judge's impartiality might reasonably be questioned, whether such impartiality be against the plaintiffs' lead counsel for subjecting him to potential damage in the Life University lawsuit or in favor of said counsel for not initially naming him as a defendant. The potential of being added to the Life University case by its counsel or of being liable to the other directors was a real possibility. As a result, in accordance with the unequivocal language of Canon 3E of the Code of Judicial Conduct, the trial judge should have disqualified himself from this matter.

Any argument by Vicinanza that the trial judge was not aware of the Life University suit is not supported by the record and does not and cannot change this result. The record shows that, on November 18, 2003, Eastside, after discovering the conflict through its own independent investigation, filed a motion to recuse the trial judge. In this motion, Eastside explicitly referred to the pre-existing Life University lawsuit and the resulting conflict it created as one of the grounds requiring the trial judge's recusal. Therefore, even if we accept Vicinanza's argument that the trial judge did not initially know about the Life University lawsuit, the trial judge was placed on inquiry notice by the motion to recuse. Therefore, the trial judge would still be required to recuse himself from this matter and place the nature of the conflict on the record. Here, the trial judge did neither.

---

[2] *Baptiste v. State*, 229 Ga. App. 691, 694 (1) (494 SE2d 530) (1997).

For all the reasons set forth above, the trial judge in this case was required to recuse himself pursuant to Canon 3E of the Code of Judicial Conduct. As such, we must vacate the trial court's orders preventing Eastside from contacting putative class members and remand this case to the trial court so that it may be transferred to another judge.

*Judgment vacated and case remanded. Eldridge and Mikell, JJ., concur. Barnes, J., not participating.*

DECIDED AUGUST 10, 2004 —
RECONSIDERATION DENIED AUGUST 25, 2004.

*Drew, Eckl & Farnham, W. Wray Eckl,* for appellant.
*Smolar, Sakas & Goodhart, Yehuda Smolar, Jeffrey L. Sakas, Hasty, Pope & Ball, Marion T. Pope, Jr., Jonathan A. Pope, Robert S. Register, Kaplan & Seifter, Brad C. Kaplan, Owen, Gleaton, Egan, Jones & Sweeney, David C. Will,* for appellees.