S09A0846. JONES COUNTY et al. v. A MINING GROUP, LLC et al.

(678 SE2d 474)

CARLEY, Justice.

A Mining Group, LLC filed an application for conditional use to operate a rock quarry in Jones County. The Jones County Board of Commissioners denied the application. A Mining Group then brought suit against Jones County, seeking, among other things, a writ of mandamus compelling issuance of the conditional use permit. The owners of the proposed quarry site were permitted to intervene as plaintiffs. The intervening landowners and A Mining Group (Appellees) then filed separate motions to recuse all five judges of the Ocmulgee Judicial Circuit on the ground that each such judge receives an annual salary supplement of $2,700 from Jones County. A senior judge was appointed to hear the recusal motions, which he granted, finding that payment of the salary supplement by the County reasonably raises a question of impartiality. Jones County applied for interlocutory review. This Court granted the application to consider the order of recusal.

When considering the issue of recusal, both OCGA § 15-1-8 and Canon 3 of the Code of Judicial Conduct should be applied. *Kurtz v. State*, 233 Ga. App. 186, 188 (3), fn. 1 (504 SE2d 51) (1998). The Code of Judicial Conduct provides a broader rule of disqualification than does OCGA § 15-1-8. See *Stephens v. Stephens*, 249 Ga. 700, 701 (2) (292 SE2d 689) (1982); *White v. SunTrust Bank*, 245 Ga. App. 828,

830 (4) (538 SE2d 889) (2000). OCGA § 15-1-8 (a) (1) provides, in pertinent part, that "[n]o judge . . . of any court . . . shall . . . [s]it in any case or proceeding in which he is pecuniarily interested. . . ." However,

> recusal is warranted only if the trial court's pecuniary interest in a proceeding is direct, certain, and immediate. [Cit.] "(T)he liability or pecuniary gain or relief to the judge must occur upon the event of the suit, not result remotely in the future from the general operation of laws and government upon the status fixed by the decision." [Cit.]

*Reese v. State*, 252 Ga. App. 650, 654 (5) (556 SE2d 150) (2001).

Here, the judges of the Ocmulgee Judicial Circuit do not have a direct pecuniary interest in the outcome of this lawsuit. There is no allegation, and certainly no evidence, that any ruling as to the requested conditional use permit would directly and immediately affect the financial interests of the judges. See *Robertson v. State*, 225 Ga. App. 389, 390-391 (3) (484 SE2d 18) (1997) (where judge's attorney-husband represented victim in potential civil suit against criminal defendant, any interest judge had in criminal case was indirect). Accordingly, there is no basis for recusal of the judges pursuant to OCGA § 15-1-8 (a) (1). Compare *White v. SunTrust Bank*, supra at 830 (3) (judge who owns stock in a corporation that is a party to a suit should recuse from the case).

The broader rule of disqualification set forth in the Code of Judicial Conduct provides that

> [j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where . . . the judge . . . [has] a more than de minimis interest that could be substantially affected by the proceeding. . . .

Code of Judicial Conduct, Canon 3E (1) (c) (iii). The phrase

> "[i]mpartiality might reasonably be questioned" means a reasonable perception[ ] of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference; it is not based upon the perception of either interested parties or their lawyer-advocates, seeking to judge shop and to gain a trial advantage, because both of their credibility is suspect from self-interest. [Cit.]

*Baptiste v. State*, 229 Ga. App. 691, 694 (1) (494 SE2d 530) (1997).

"Moreover, the alleged bias must be 'of such a nature and intensity to prevent the complaining party from obtaining a trial uninfluenced by the court's prejudgment.' " *Rice v. Cannon*, 283 Ga. App. 438, 443 (2) (641 SE2d 562) (2007).

Appellees contend that the judges' impartiality could reasonably be questioned because they might be reluctant to issue a ruling against the governmental body that determines their salary supplement. However, that contention is undermined by the fact that Jones County does not have discretion with regard to the supplement, but is required by an Act of the General Assembly to pay the supplement. The Act expressly provides that in addition to compensation from the State, the superior court judges of the Ocmulgee Judicial Circuit "shall receive a supplement" from the counties in the circuit. Ga. L. 1990, pp. 5253, 5254, § 1. The Act then specifies the monthly amount that each county must pay, and further mandates that

[i]t shall be the duty of the governing authorities of each such county to provide by taxation, or otherwise, sufficient funds to pay the portion of said supplement assessed against each of said counties and to pay the same as provided in this Act.

Ga. L. 1990, p. 5254, § 1.

Because Jones County is required by the General Assembly to pay the supplement, a fair-minded and impartial person could not reasonably believe that the judges lack impartiality, let alone that they have a bias of such nature and intensity that it would influence their handling of the case. Furthermore, even if the mandated supplement could somehow be perceived as creating an interest in the case, it would be nothing more than a de minimis or "insignificant interest that could not raise reasonable question as to a judge's impartiality. See Sections 3E (1) (c) and 3E (1) (d)." Code of Judicial Conduct, Terminology. As previously explained,

trial judges are often required to issue rulings that might offend influential members of legislative bodies, as when they must pass on the constitutionality of a statute or ordinance. Moreover, as elected officials, judges are often required to decide cases that are of great interest to large blocs of voters, who may remember the judge's ruling in the next election. Recusal is not required simply because a judge may have to issue a ruling that might offend an individual or group that could possibly take adverse action against him. "There is a presumption that a trial judge, acting as a

public official, faithfully and lawfully perform(s) the duties devolving upon him." [Cit.]

*Kelly v. State*, 238 Ga. App. 691, 693 (1) (520 SE2d 32) (1999).

Since the motions to recuse did not raise a reasonable question as to the impartiality of the Ocmulgee Judicial Circuit judges, the trial court erred in granting them. " ' "It is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious." (Cit.)' [Cit.]" *Hampton Island Founders v. Liberty Capital*, 283 Ga. 289, 297 (5) (658 SE2d 619) (2008).

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 1, 2009.

*Groover & Childs, Frank H. Childs, Jr., William H. Noland*, for appellants.

*Lovett, Cowart & Ayerbe, L. Robert Lovett, Matthew M. Myers, Martin, Snow, Grant & Napier, William H. Larsen*, for appellees.