## A11A1537. MOORE v. THE STATE.
(722 SE2d 160)

MIKELL, Chief Judge.

Jason Moore appeals from the denial of his motion to recuse a Douglas County Superior Court judge from presiding over his motion to suppress evidence and statements. For the following reasons, we affirm.

We employ an abuse of discretion standard in reviewing rulings based on motions to recuse.[1]

Moore, indicted for, inter alia, trafficking in cocaine and possession of marijuana, moved to recuse Judge Robert J. James, asserting that in 27 years on the bench, James has never granted a motion to suppress based on a violation of the Fourth Amendment of the United States Constitution, or has exhibited a policy of denying such motions, presenting an appearance of partiality. Without holding a hearing, James concluded that the motion to recuse was untimely

---

[1] *Vaughn v. State*, 247 Ga. App. 368, 370 (2) (543 SE2d 429) (2000).

because while Uniform Superior Court Rule 25.1 requires affidavits accompanying motions to recuse to be filed within five days of the affiant's first learning of the alleged grounds for recusal, defense counsel's affidavit indicated he had known about James's alleged policy of not granting motions to suppress since at least 2002. James also found, without explanation, that the accompanying affidavit was legally insufficient. Moore appeals, alleging that the trial judge erred in denying his motion on its face rather than assigning it to another judge for a hearing.

Uniform Superior Court Rule 25.3 provides:

> When a judge is presented with a motion to recuse . . . accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse. . . .

We turn first to the question of the affidavit's sufficiency. Defense counsel's affidavit indicates that he made Open Records Act requests to the Douglas County Superior Court Clerk's Office and the Douglas County District Attorney's Office for closed cases in which the judge had granted motions to suppress, and that these requests yielded letters indicating that closed files were available for review in general. The affidavit also indicates that defense counsel's query to a listserv for criminal defense lawyers elicited no responses citing any case in which the judge had granted a motion to suppress or found a Fourth Amendment violation. These communications are hearsay.[2]

Further, to be sufficient, an affidavit

> shall clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of extra-judicial conduct or statements, which demonstrate either bias in favor of any adverse party, or prejudice toward the moving

---

[2] See *Wellons v. State*, 266 Ga. 77, 88 (18) (463 SE2d 868) (1995); *Rice v. Cannon*, 283 Ga. App. 438, 444 (2) (641 SE2d 562) (2007).

party in particular, or a systematic pattern of prejudicial conduct toward persons similarly situated to the moving party, which would influence the judge and impede or prevent impartiality in that action. Allegations consisting of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings.[3]

The affidavit in the instant case does not satisfy the aforementioned test for several reasons. First, the affidavit fails to present specific and definite information. While a judge must disqualify himself in any proceeding where his impartiality might reasonably be questioned,[4] the lack of specifics here prevents any reasonable questioning of James's impartiality. Second, while Moore argues a generalized bias based on James's prior rulings, this court has distinguished between prior judicial actions and bias. "[W]ithout such a demarcation, no judge might ever rule but once upon a disputed question of law or factual circumstances without forever thereafter being disqualified from hearing similar matters."[5]

Finally, "a trial court may deny a motion to recuse, without referring the matter to another judge, if recusal would not be warranted even if the facts alleged in the motion are assumed to be true."[6] The trial judge's denial, absent a hearing, of the motion to recuse was not an abuse of discretion in the instant case because even assuming that all the facts alleged are true, the affidavit still is legally insufficient because the kind of bias or prejudice requiring recusal must stem from an extra-judicial source.[7] This is not the type of partiality alleged here. The only remedy for the type of bias or prejudice alleged in the affidavit before us is an appeal in this case and in each case where the judge has decided facts in a clearly erroneous direction or has decided facts based upon an erroneous understanding of the law. The only other possible remedy is at the ballot box.

Because we have found the affidavit legally insufficient, we need

---

[3] Uniform Superior Court Rule 25.2. Accord *Hill v. Clayton County Bd. of Commrs.*, 283 Ga. App. 15, 20 (3) (640 SE2d 638) (2006).

[4] Code of Judicial Conduct, Canon 3 (E). See *Simprop Acquisition Co. v. The L. Simpson Charitable Remainder Unitrust*, 305 Ga. App. 564, 567 (2) (699 SE2d 860) (2010) ("When considering the issue of recusal, both OCGA § 15-1-8 and Canon 3 of the Code of Judicial Conduct should be applied") (citations and punctuation omitted). OCGA § 15-1-8 is implicated in the instant case.

[5] *Smith v. State*, 250 Ga. 438, 439 (1) (298 SE2d 482) (1983) (trial judge's decision not to assign motion to recuse to another judge upheld even where trial judge had indicated support of laboratory whose testing accuracy movant intended to challenge).

[6] *Gude v. State*, 289 Ga. 46, 48 (2) (709 SE2d 206) (2011).

[7] *Vaughn,* supra; Uniform Superior Court Rule 25.2, supra.

not reach the issue of the motion's timeliness.
*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED JANUARY 12, 2012.

*Jacobs, King & Wallack, Sanford A. Wallack*, for appellant.
*David McDade, District Attorney, Benjamin Von Schuch, James A. Dooley, Assistant District Attorneys*, for appellee.