**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 24, 2015**

# In the Court of Appeals of Georgia

A14A2237. IN THE INTEREST OF H. J. C., Jr., a child.

BRANCH, Judge.

The State brings this appeal from the juvenile court's dismissal without prejudice of the State's petition alleging that H. J. C., Jr. ("the child"), had committed the delinquent act of violating his probation. On appeal, the State argues that the juvenile court erred when it denied the State's motion to recuse and when it granted the child's motion to dismiss. We conclude that although the trial court properly denied the State's motion to recuse, it erred when it dismissed the petition. We therefore affirm in part and reverse in part.

The record shows that on March 21, 2014, the State filed a petition alleging that the child had committed the delinquent act of violating his probation for previous delinquencies including burglary and criminal damage to property. The petition cited

both OCGA § 15-11-2 (19), which includes a violation of probation by a child previously adjudicated as delinquent in its definition of a "delinquent act,"[1] and OCGA § 15-11-608 (b), which provides that a prosecutor informed of a violation of probation "may file a motion in the [juvenile] court for revocation of probation."[2] At a hearing on March 26, 2014, the State noted that it was orally amending its petition

---

[1] OCGA § 15-11-2 (19) of the new Juvenile Code, effective January 1, 2014, defines a "[d]elinquent act" as including "(B) [t]he act of disobeying the terms of supervision contained in a court order which has been directed to a child who has been adjudicated to have committed a delinquent act[.]"

[2] OCGA § 15-11-608 of the new Code provides in relevant part:

(a) An order granting probation to a child adjudicated for a delinquent act may be revoked on the ground that the conditions of probation have been violated.

(b) Any violation of a condition of probation may be reported to the prosecuting attorney who may file a motion in the court for revocation of probation. A motion for revocation of probation shall contain specific factual allegations constituting each violation of a condition of probation. . . .

(f) If the court finds, beyond a reasonable doubt, that a child violated the terms and conditions of probation, the court may: (1) [e]xtend probation; (2) [i]mpose additional conditions of probation; or (3) [m]ake any disposition that could have been made at the time probation was imposed.

to proceed under OCGA § 15-11-2 (19) (B) only, and not under OCGA § 15-11-608. The juvenile court then continued the hearing until April 4, 2014, in order to obtain argument on the interplay between these two new Juvenile Code sections.

On March 27, 2014, however, the State filed a motion to recuse the juvenile court with a supporting affidavit alleging that although the child had not objected to the State's proposed amendment, the juvenile court had "sua sponte voiced her concerns" as to the interplay between the two Code sections, such that "the entire matter of controversy was raised by the [j]udge," whose "impartiality and bias would reasonably be questioned if [she] were to hear argument on the Court's own motion and decide [her] own motion." On March 31, the juvenile court denied the motion to recuse as insufficient under Uniform Juvenile Court Rule 27.2.[3]

---

[3] Like Uniform Superior Court Rule 25.2, Uniform Juvenile Court Rule 27.2 provides that an affidavit supporting a motion to recuse

> shall clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of extra-judicial conduct or statements, which demonstrate either bias in favor of any adverse party, or prejudice toward the moving party in particular, or a systematic pattern of prejudicial conduct toward persons similarly situated to the moving party, which would influence the judge and impede or prevent impartiality in that action. Allegations consisting of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings.

3

At the outset of the continued hearing held on April 4, 2014, the juvenile court stated the issue before it as whether the State should move to revoke probation under OCGA § 15-11-608 (b) rather than to petition the court to adjudicate a delinquency as defined by OCGA § 15-11-2 (19) (B) to include a violation of probation imposed on a child previously found delinquent. The child then moved to dismiss the petition on the ground that a petition charging a juvenile with the delinquent act of violating probation was not proper under the new Juvenile Code. After hearing argument from both sides, the trial court granted the child's motion and dismissed the State's petition without prejudice on the ground that OCGA § 15-11-608 created "a new procedure for addressing violations of probation," including the mechanism of bringing such a violation to the juvenile court's attention by means of motion rather than petition, such that "petitions [based on an alleged probation violation] filed pursuant to OCGA § 15-11-2 (19) (B) are not valid." This appeal followed.

1. The State first argues that the juvenile court erred when it denied the State's motion to recuse as legally insufficient. We disagree.

The Supreme Court of Georgia has summarized the procedure governing motions to recuse, set out in both Uniform Superior Court Rule 25 and Uniform Juvenile Court Rule 27, as follows:

4

[T]he motion [must] be in writing and . . . accompanied by affidavits that present all evidence thereon and fully assert the facts upon which the motion is founded. The supporting affidavit must state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons, and circumstances of the extra-judicial conduct or statements demonstrating bias. Bare conclusions and opinions stated in the affidavit are not legally sufficient to support the motion or warrant further proceedings. The motion and supporting affidavits initially are presented to the judge whose recusal is sought; the judge immediately determines the timeliness of the motion, the legal sufficiency of the affidavits and, assuming any of the facts of the affidavits to be true, whether recusal would be warranted. If all three prongs are met, another judge is assigned to hear the motion to recuse. The judge hearing the motion has the discretion to consider the motion solely on the affidavits or convene an evidentiary hearing, and the ruling on the merits of the motion shall be accompanied by written findings of fact and conclusions.

*Mayor & Alderman of City of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 116 (728 SE2d 189) (2012) (citations and punctuation omitted). Determining whether an affidavit supporting a motion to recuse "is legally sufficient, and whether the facts asserted authorize recusal[,] . . . does not require the exercise of discretion; rather, they present questions of law, for which the appropriate standard of review is de novo." Id. at 119 (1) (citations and punctuation omitted).

5

Even assuming the facts pled in the State's affidavit to be true, this record shows that the juvenile court did not err when it denied the motion to recuse. As the juvenile court noted, "[i]t is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious." *Jones County v. A Mining Group*, 285 Ga. 465, 468 (678 SE2d 474) (2009) (citation and punctuation omitted). This juvenile court merely sought further legal argument on the question of the interplay between OCGA § 15-11-2 (19) (B) and 15-11-608 (b), both of which were cited in the State's petition and had recently been adopted into law. Even if the State was caught unawares by the court's questions concerning these statutes or was inconvenienced by its eventual ruling that the petition was defective, such circumstances do not warrant recusal, which "is not required simply because a judge may have to issue a ruling that might offend an individual or group that could possibly take adverse action against him." Id. at 467 (citation and punctuation omitted). On the contrary, "[t]here is a presumption that a trial judge, acting as a public official, faithfully and lawfully performs the duties devolving upon him." Id. at 467-468 (citation and punctuation omitted). Because the State's affidavit did not include facts sufficient to overcome this presumption, the trial court did not err when it denied the motion to recuse as legally inadequate. Id.

6

2. The State also argues that the juvenile court erred when it dismissed the petition without prejudice. We agree.

As we have noted above, OCGA § 15-11-2 (19) (B) defines "delinquent acts" as including "[t]he act of disobeying the terms of supervision contained in a court order which has been directed to a child who has been adjudicated to have committed a delinquent act[.]" As in this case, then, the statute provides a mechanism by which a child who violates probation ordered in a previous adjudication of delinquency may become the subject of a new delinquency petition. See, e.g., OCGA § 15-11-522 (1) - (3) (requiring a delinquency petition to state "plainly and with particularity [t]he facts which bring a child within the jurisdiction of the court," including "a statement that [the proceeding is brought] in the best interests of such child," the "name, age, and residence address of such child," and the "name and residence address of such child's parent, guardian, or legal custodian"). As part of the same statutory scheme, and as the juvenile court noted, OCGA § 15-11-608 (b) provides that a delinquent child's violation of probation "*may* be reported to the prosecuting attorney who *may* file a motion in the court for revocation of probation[,]" and that such a motion "shall contain specific factual allegations constituting each violation of a condition of probation." (Emphasis supplied.) We are required to read each of these statutes

7

"according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation[.]" *State v. Johnson*, 269 Ga. 370, 371 (1) (499 SE2d 56) (1998) (citations omitted).

This juvenile court engaged in a lengthy analysis of the history of these two sections of the new Juvenile Code, including a comparison of the new statutes with former OCGA § 15-11-40,[4] before concluding that the motion provided to the State in OCGA § 15-11-608 "is the exclusive remedy for addressing violations of probation" such that the State's petition under OCGA § 15-11-2 (19) (B) was "not valid." The juvenile court noted, for example, that a prosecution under OCGA § 15-11-2 (19) (B) might have greater implications for a juvenile's future than a probation

---

[4] Former OCGA § 15-11-40 (2013) provided in relevant part:

(b) . . . *An order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed.*

(c) *Any party* to the proceeding, the probation officer, or any other person having supervision or legal custody of or an interest in the child *may petition the court* for the relief provided in this Code section. The petition shall set forth in clear and concise language the grounds upon which the relief is requested.

(Emphasis supplied.)

revocation by motion under OCGA § 15-11-608. The Supreme Court of Georgia has held, however, that "[j]udicial construction is appropriate only when a statute is ambiguous, and when the statutory language is plain and unequivocal, judicial construction is not only unnecessary but forbidden." *Glover v. State*, 272 Ga. 639, 640 (533 SE2d 374) (2000) (citation omitted). OCGA § 15-11-2 (19) (B) plainly includes a delinquent child's violation of probation in the category of actions that may give rise to a new delinquency petition, and OCGA § 15-11-608 (b) plainly provides that a prosecutor who becomes aware of such a child's violation of probation "may file a motion . . . for revocation of probation." There being no ambiguity in either of these provisions, the first of which authorizes the State to file a petition concerning a violation of probation and the second of which authorizes the State to move for revocation of probation as a consequence of such a violation, no court is authorized to ignore either a petition brought under the first or a motion brought under the second. In the absence of any other basis for dismissal asserted

9

below,[5] the juvenile court erred when it dismissed the State's petition without prejudice.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Boggs, J., concur*.

---

[5] See, e.g., OCGA §§ 15-11-540 (providing for dismissal of a delinquency petition "upon the motion of the prosecuting attorney setting forth that there is not sufficient evidence to warrant further proceedings"), 15-11-566 (providing for dismissal of a delinquency petition upon transfer "for trial in superior court").