# Court of Appeals
## of the State of Georgia

ATLANTA,  October 11, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0356.  DONALD L. ADAMS v. THE STATE.**

Donald L. Adams was convicted of child molestation and aggravated molestation.  We affirmed his convictions.  See *Adams v. State*, 290 Ga. App. 299 (659 SE2d 711) (2008), overruled in part by *Mayor & Aldermen of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 119 (1) (728 SE2d 189) (2012) (abuse of discretion standard does not apply to appeals from the denial of a motion to recuse based on the criteria set forth in USCR 25.3).  In 2018, Adams filed a motion to vacate the judgment of conviction for lack of subject matter jurisdiction.  The trial court denied the motion, and Adams filed the instant appeal.  We, however, lack jurisdiction.

A post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case, and any appeal from the denial or dismissal of such a motion must be dismissed.  See *Williams v. State*, 287 Ga. 192, 192 (695 SE2d 244) (2010); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Adams's motion does not allege that his sentences exceed the maximum allowed by law.  Instead, Adams alleges that the trial court lacked jurisdiction to enter

his convictions.  This is not a valid void-sentence argument.  Accordingly, Adams's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  10/11/2018*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*