**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 6, 2015**

# In the Court of Appeals of Georgia

A14A1937. IN RE: PATTERSON.

MILLER, Judge.

Attorney Jackie G. Patterson appeals from the trial court's order holding him in contempt of court and ordering him to pay a $100 fine for missing his client's scheduled arraignment. Patterson contends that the fine was not justified because the court specifically found that his absence was due to negligence, not wilful disobedience. We agree.

On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. Contempt of court has been variously defined; in its broad sense it means disregard

for or disobedience of the order or command of the court. We have repeatedly held that an attorney may be held in direct criminal contempt for wilfully failing to respond to the calendar call or to the call of a case for trial.

(Citations omitted.) *In re Beckstrom*, 295 Ga. App. 179, 179-180 (671 SE2d 215) (2008).

So viewed, the evidence shows that Patterson was retained to represent a criminal defendant on a charge of driving with a suspended license. The client's arraignment was scheduled for March 13, 2014, but Patterson did not appear in court for the call. In light of Patterson's absence, the trial court rescheduled the arraignment for April 4. The court also scheduled a hearing as to whether Patterson should be held in contempt for his failure to appear on March 13.

At the contempt hearing, Attorney Patterson told the trial court that he missed the March 13 arraignment because the event did not appear on his phone calendar. He explained that he had inadvertently recorded the event under an incorrect calendar on his computer, a calender that was not programmed to synchronize with his phone. The trial court held Patterson in contempt, ruling, "All right, Mr. Patterson, I don't find your conduct to be willfully contentious of the Court. I find it to be negligent. I fine you $100." In its written order, the court specifically found that Patterson had been

2

"negligent in his duties" by failing to appear for the arraignment and not filing a conflict letter.

On appeal, Patterson argues that the fine was not a lawful penalty because the trial court specifically found that he was not wilfully contemptuous. We agree.

"The basis for a contempt action is a 'wilful' refusal to comply with a judgment or order of the court." (Citations omitted). *Griggers v. Bryant*, 239 Ga. 244, 246 (2) (236 SE2d 599) (1977). Accordingly, to hold a party in contempt, the court must find that his disobedience was wilful. See *DeKalb County v. Adams*, 262 Ga. App. 243, 247 (3) (585 SE2d 178) (2003) (physical precedent only). Here, the trial court specifically found that Patterson's failure to appear at the March 13 arraignment was negligent, but not wilful. In light of this finding, the trial court erred by holding Patterson in contempt.

*Judgment reversed. Doyle, P. J., and Dillard, J., concur.*