**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 5, 2015**

# In the Court of Appeals of Georgia

A15A1034. WOODHAM v. ATLANTA DEVELOPMENT AUTHORITY.

A15A1035. WOODHAM et al. v. ATLANTA DEVELOPMENT AUTHORITY.

MCFADDEN, Judge.

These related appeals arise from an attempt by Atlanta Development Authority (the Authority) to conduct discovery in connection with collecting a judgment against attorney John F. Woodham and Citizens for Ethics in Government, LLC ("Citizens"). Woodham represents himself pro se and also represents Citizens.

Woodham is the sole appellant in Case No. A15A1034. He challenges the trial court's denial of his motion to recuse, but his motion did not meet the threshold requirements of Uniform Superior Court Rule 25.3; accordingly, we affirm that ruling. He also challenges the trial court's authority to compel post-judgment

discovery from him, but he waived appellate review of that challenge by consenting to the discovery. And he challenges the trial court's order finding him in contempt for wilfully failing to comply with two post-judgment discovery orders. The evidence supports the finding of contempt, which we affirm. However, we reverse as an improper penalty that portion of the contempt order requiring Woodham to pay legal fees and costs to purge the contempt, because the fees and costs were not part of a previously-ordered award.

Woodham and Citizens are both appellants in Case No. A15A1035. They challenge the trial court's order requiring a supersedeas bond in the amount of the legal fees and costs ordered for Woodham to purge the contempt. Because we have reversed that portion of the contempt order, we also reverse the supersedeas bond order. We also reverse the imposition of a supersedeas bond upon Citizens, because Citizens has not appealed from the contempt order.

1. *Procedural history.*

The background of this case is set forth in our decision in an earlier appeal, *Citizens for Ethics in Government, LLC v. Atlanta Development Auth.*, 303 Ga. App. 724 (694 SE2d 680) (2010). In summary, Woodham and Citizens intervened in a bond validation proceeding in 2008. Id. at 724. Their conduct in that proceeding led

2

the trial court to issue an order that, among other things, required them to pay $303,141.89 in attorney fees and expenses to the Authority, which was one of the parties to the bond validation proceeding. Id. at 731. Woodham and Citizens appealed, and we vacated "the portion of [that order] awarding attorney fees and remand[ed] for an explanation of the statutory basis for the award and any findings necessary to support it." Id. at 738-739 (5) (citations, punctuation and footnote omitted). On remand, the trial court issued an interlocutory order from which Woodham and Citizens improperly attempted to appeal, leading this court to assess a frivolous appeal penalty of $2,500 against each of them. Subsequently, the trial court entered a new order again requiring them to pay the Authority $303,141.89 in attorney fees and expenses.

In an attempt to collect on these awards, in April 2014 the Authority sought post-judgment discovery from Woodham and Citizens and noticed Woodham's deposition. Woodham and Citizens filed an objection, arguing that the judgment was not enforceable or collectible because the Authority had not yet filed a civil case disposition form pursuant to OCGA § 9-11-58 (b). (In his appellate brief in Case No. A15A1034, Woodham states that the Authority filed the disposition form the following month.) Nonetheless, Woodham appeared at the deposition but refused to

3

answer most of the questions asked. The Authority moved to compel discovery from Woodham and Citizens, and on June 13, 2014, after a hearing, the trial court granted the motion and, among other things, ordered Woodham to appear at court on June 27, 2014, for his deposition. After the entry of that order but before the scheduled deposition date, Woodham moved to recuse the trial judge based on alleged inappropriate conduct at the hearing, and the trial judge voluntarily recused.

Woodham did not appear for the court-ordered deposition or comply with the other directives of the June 13 order, and he rebuffed an attempt by the Authority's counsel to resolve the discovery dispute. On July 16, 2014, the Authority filed a motion for contempt against Woodham and Citizens, and on July 24, 2014, after a hearing, a new trial judge found them in contempt of the June 13 order and ordered them to give depositions instanter. Woodham's deposition began that day, and the next day, July 25, 2014, the Authority and Woodham consented to an order requiring Woodham to produce certain documents by 5:00 p.m. that day, to provide written interrogatory responses by 10:00 a.m. on July 28, and to continue to appear for deposition until the deposition was complete.

Woodham did not produce the documents or reappear at court for deposition the afternoon of July 25, and the Authority moved the trial court to hold Woodham

4

(but not Citizens) in wilful contempt. On August 4, the trial court issued a rule nisi setting the hearing on the contempt motion for August 11. On August 8, 2014, Woodham moved for the recusal of the new trial judge.

Woodham did not appear at the August 11, 2014 hearing, at which the trial court heard argument from the Authority's attorney on both the recusal motion and the motion for contempt. At the end of the hearing the trial court took both matters under advisement, and later that day he issued orders denying the motion to recuse and granting the contempt motion. The trial court found Woodham intentionally failed to comply with the July 24 and July 25 orders and ordered that he be arrested and held until he purged the contempt by providing discovery responses, producing documents, and reimbursing the Authority $18,862.74, which the trial court found to be the amount of legal fees and costs the Authority had incurred in June and July 2014 due to Woodham's contempt.

The day that the trial court issued the contempt order, Woodham applied for supersedeas, which the trial court granted. On September 10, 2014, Woodham filed a notice of appeal from the contempt order. Two days later, the Authority moved for the imposition of a supersedeas bond of $18,862.74 against Woodham (but not Citizens). On October 1, 2014, the trial court entered an order requiring "that

5

*Appellants* . . . immediately post a supersedeas bond or other security in the amount of $18,862.74 in order to satisfy this Court's order of August 11, 2014." (Emphasis supplied.)

*Case No. A15A1034*

In Case Number A15A1034, Woodham challenges the denial of his motion to recuse, the trial court's authority to order the post-judgment discovery, and the contempt order.

2. *Recusal.*

Woodham argues that the trial court erred in denying his motion to recuse. Uniform Superior Court Rule 25.3 provides that,

> [w]hen a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted.

Examining de novo the application of this rule to Woodham's motion to recuse and supporting affidavit, see *Mayor & Aldermen of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 120 (2) (728 SE2d 189) (2012), we find no error.

6

In his motion and affidavit, Woodham argued that the trial judge should recuse for three reasons: because the judge did not disclose that he had received a campaign contribution from the judge who entered the June 13 order (and who later had voluntarily recused from the case); because the judge disregarded Woodham's request to postpone complying with the July 24 and July 25 discovery orders due to a "legal emergency" in another case; and because members of the judge's staff engaged in ex parte communications with the Authority's attorney about scheduling a hearing on the contempt motion.

The trial court denied the motion as untimely. This was correct only as to one of the three grounds upon which Woodham sought recusal. A motion to recuse and supporting affidavit must be filed, among other things, "not later than five (5) days after the affiant first learned of the alleged grounds for disqualification[.]" Unif. Super. Ct. R. 25.1. Woodham filed his motion and affidavit on August 8, 2014. The affidavit shows that by July 25, more than five days earlier, Woodham knew that the trial court would not excuse him from his discovery obligations based on the "legal emergency." Accordingly, his motion to recuse based on this ground was untimely. As to the other grounds, however, Woodham averred that he learned of the prior judge's campaign donation on August 7, the day before he filed his motion. And he

averred that he learned of the ex parte communications on August 1, which falls within five days of Woodham's motion because the weekend days are not counted in determining the motion's timeliness. See OCGA § 1-3-1 (d) (3) (excluding Saturdays and Sundays in computation of time periods of less than seven days); see also *Mayor & Aldermen of Savannah*, 291 Ga. at 120 (2) (a).

Nevertheless, we affirm the denial of the recusal motion, because the facts alleged in the motion regarding the campaign contribution and the ex parte communications, even if true, did not warrant recusal. See *Gude v. State*, 289 Ga. 46, 48 (2) (709 SE2d 206) (2011). As to the campaign contribution, our Supreme Court has held that even where the contributor to the judge was a party, the mere fact of the contribution does not warrant recusal where the contribution was not exceptionally large. See id. at 50 (2) (c). Here, of course, the campaign contributor was *not* a party but merely one of the judge's colleagues on the court, and the alleged contribution of $500 was not exceptionally large. As to the ex parte communications, our Supreme Court has held that ex parte communications regarding the scheduling of hearings generally are not prohibited and do not warrant recusal. See *Lue v. Eady*, 297 Ga. 321, 323-324 (1) (773 SE2d 679) (2015).

3. *Post-judgment discovery.*

Woodham challenges the trial court's orders compelling post-judgment discovery, arguing that the trial court did not give him sufficient notice to give his deposition on July 24 and that the trial court should not have compelled any discovery because the Authority sought post-judgment discovery before it filed a civil case disposition form. See OCGA § 9-11-58 (b). The record shows, however, that Woodham began the deposition on July 24 and consented to the July 25 order requiring him to respond to discovery and give deposition testimony. By consenting to the discovery, he waived appellate review of his claim that the discovery was improper. See *Considine v. Murphy*, 327 Ga. App. 110, 114 (2) (755 SE2d 556) (2014) (party's voluntary act of consenting to order waives appellate challenge to substance of order). We need not consider Woodham's arguments regarding the judgment's enforceability during the time period before the filing of the civil case disposition form, because he does not dispute that, by the time the trial court compelled discovery, the Authority had filed the form.

4. *Contempt.*

Woodham argues that the trial court erred both in finding him in contempt and in requiring him to pay "legal fees and costs incurred in connection with Mr. Woodham's conduct and this motion" to purge the contempt. (The contempt order did

9

not award legal fees or costs outside the context of purging the contempt.) As detailed below, we find that the evidence supported the contempt finding but that the requirement that Woodham pay legal fees and costs to purge the contempt was error.

(a) *Finding of contempt.*

"Trial courts have broad discretion in ruling on a motion for contempt, and the trial court's ruling will be affirmed on appeal if there is any evidence in the record to support it." *Horn v. Shepherd*, 292 Ga. 14, 17 (4) (732 SE2d 427) (2012) (citations and punctuation omitted). Given the conditional nature of the punishment, the trial court found Woodham to be in civil contempt, see *In the Interest of J. D.*, 316 Ga. App. 19, 21 (1) (728 SE2d 698) (2012), and the record contains evidence supporting that finding. "The essence of civil contempt is wilful disobedience of a prior court order[.]" *Greene v. Greene*, 306 Ga. App. 296, 300 (3) (701 SE2d 911) (2010) (citation omitted). It is undisputed that Woodham disobeyed the directives in the trial court's July 24 and July 25 orders to return to court to be deposed and provide discovery responses. Woodham offered no evidence that his noncompliance was negligent rather than wilful. Compare *In re Patterson*, 331 Ga. App. 45-46 (769 SE2d 762) (2015) (reversing contempt award where trial court found that attorney's failure to attend client's arraignment due to a calendaring mistake was negligent rather than

10

wilful). Instead, he makes several meritless arguments for why the trial court should not have found him in contempt, despite his noncompliance. Woodham argues that he had a "legal emergency" requiring him to work on another case, but he points to no authority that a trial court must excuse him from complying with discovery orders for this reason. He argues that at the August 11 hearing the trial court improperly heard argument on the contempt issue before ruling on Woodham's recusal motion, but given our conclusion that recusal was not warranted in any event, see Division 2, supra, this argument provides no ground for reversal. And he argues that he should not have been compelled to provide post-judgment discovery, but as discussed in Division 3, supra, he consented to the July 25 discovery order. One who simply ignores a court order that he believes is erroneous "does so at his own peril and must assume the risk of being held in contempt." *Edwards v. Edwards*, 254 Ga. App. 849, 854 (563 SE2d 888) (2002) (citation and punctuation omitted).

(b) *Requirement to pay legal fees and costs to purge contempt.*

Woodham argues that the trial court erred in conditioning his purge of the contempt order (and thus his release from incarceration) on payment of $18,862.74 in legal fees and costs to the Authority, because he had not previously been ordered to pay those fees and costs. We are not persuaded by the Authority's argument that

Woodham waived his challenge to this provision of the contempt order by failing to attend the contempt hearing, especially where the record reflects that the trial court did not issue the challenged ruling at that hearing. And we agree with Woodham that this particular requirement of the contempt order was improper. A trial court does not have the authority to make payment of legal fees and costs a condition for purging contempt if those fees and costs had not been awarded in a previous order. *Horn*, 292 Ga. at 21 (11). "Therefore, we must reverse the contempt order to the extent that it requires [Woodham] to pay the [$18,862.74] in attorney fees [and costs] to purge his contempt." Id. (citation omitted).

Given this ruling, we need not address Woodham's other challenges to the requirement that he pay legal fees and costs to purge the contempt. (Woodham argues that Ga. Const. of 1983, Art. I, Sec. I, Par. XXIII prohibited his incarceration pending the payment of the fees and costs; that there was no evidentiary support for the fees and costs; that the contempt order improperly awarded the fees and costs as a lump sum; and that the consent order did not provide a statutory basis for the award.)

*Case No. A15A1035*

5. *Supersedeas bond.*

12

After Woodham appealed from the contempt order, the trial court granted the Authority's motion seeking a supsersedeas bond in the amount of the legal fees and costs that the order required to purge the contempt. See OCGA § 5-6-46 (a). We reverse the supersedeas bond order for two reasons. As discussed in Division 4, supra, we have reversed the provision of the contempt order requiring Woodham to pay legal fees and costs. Moreover, to the extent the order imposed the supersedeas bond upon Citizens as well as Woodham, such imposition was improper because Citizens was not a subject of the order on appeal and has not appealed from that order.

*Judgment affirmed in part and reversed in part in Case No. A15A1034. Judgment reversed in Case No. A15A1035. Ellington, P. J., and Dillard, J., concur.*