**SECOND DIVISION**
**BARNES, P. J.,**
**RICKMAN and SELF, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 8, 2017**

# In the Court of Appeals of Georgia

A16A1651. MONDY v. MAGNOLIA ADVANCED MATERIALS, INC.

BARNES, Presiding Judge.

Attorney Michael O. Mondy appeals the trial court's order finding him in contempt for willfully violating an order of the court and appeals the court's oral order compelling discovery. For the reasons that follow, we affirm the contempt order and do not reach the discovery issue.

1. On November 23, 2015, the trial court held a hearing on Magnolia's motion for contempt against Mondy and orally granted it, directing Magnolia to submit a proposed order within ten days. The court then announced its intention to set a hearing on Magnolia's entitlement to attorney fees based on Mondy's violation of the court's order. A week later, on November 30, 2015, Mondy filed a motion for recusal and his own affidavit. The substance of the motion is that the trial judge's action — finding Mondy in contempt — showed that the judge was biased or prejudiced against him,

and in his affidavit Mondy averred that based on the judge's comments, facial expressions, and actions during the hearing, "It was clear he wanted to put me in jail."

On December 15, 2015, the trial court entered a written order memorializing the November 23, 2015 oral ruling finding Mondy in contempt, and half an hour later the court issued the following order: "I hereby recuse myself voluntarily from the above-styled case. The Superior Court Administrator shall assign the case to a different division."

Mondy argues on appeal that the trial court erred in issuing the contempt order after Mondy filed the motion for recusal, contending that after the motion was filed, the trial court was required to cease acting on the merits of the case and to determine whether another trial court should hear the recusal motion before ruling on the contempt motion. Because the trial court did not do so, he asserts, the contempt order should be reversed.

> [W]hen a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse. We note also the well-settled rule that it is as much the duty of a judge not to grant the motion to recuse when the motion is legally

2

insufficient as it is to recuse when the motion is meritorious; nor does the simple filing of an affidavit automatically disqualify a judge.

*State v. Fleming*, 245 Ga. 700, 702 (1) (267 SE2d 207) (1980). The procedure set out in *Fleming* for determining recusal was codified in Uniform Superior Court Rule 25. *Mayor & Aldermen of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 116, n. 3 (728 SE2d 189) (2012).

USCR 25.1 requires that motions to recuse or disqualify a judge presiding in a particular case must be filed "not later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification, unless good cause be shown for failure to meet such time requirements. and shall not be allowed to delay the trial or proceeding." USCR 25.3 provides that the trial court "shall temporarily cease to act upon the merits of the matter" to determine whether the motion for recusal is timely, the accompanying affidavit is legally sufficient, and the facts asserted therein authorize recusal, and if so, another judge must hear the motion.

Whether these three criteria are met are questions of law, and our appellate courts review de novo a trial court's decision on these threshold issues. *Mayor & Aldermen of Savannah,*, 291 Ga. at 119 (1). The issue here, however, is not whether

3

the trial court properly determined the timing and legal sufficiency of the motion to recuse, but rather whether the trial court erred in issuing the written order of contempt after Mondy filed the motion.[1]

We have found no cases, and the parties have cited to none, which consider the parameters of the prohibition against "acting on the merits" of the case, or which consider whether a motion for recusal requires the trial court to abstain from reducing to writing a previously-announced oral ruling. The pitfalls of such a requirement are evident, however, particularly when the basis for the recusal motion is the substance of the trial court's oral ruling, as it was here.

Just as a plaintiff may not foreclose a judge from acting on its orally announced intention to grant a defendant's dispositive motion by dismissing his complaint, we conclude that a party cannot foreclose a judge from acting on its orally announced intention to grant a motion for contempt by filing a motion to recuse.

> The principle at the foundation of these decisions [that a plaintiff cannot foreclose such actions] is that, after a party has taken the chances of litigation, and knows what is the actual result reached in the suit by the

---

[1]Because the court then voluntarily recused itself from the case, it never considered the threshold issues.

tribunal which is to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained.

*Dillard Land Investments, LLC v. Fulton County*, 295 Ga. 515519-520 (2) (b) (761 SE2d 282) (2014) (citation and punctuation omitted). The same principle applies by analogy to the present case.

Based on the peculiar facts of this case, we conclude that Mondy could not forestall the trial court's oral finding of contempt by filing a motion to recuse. The trial court's issuance of a written order memorializing its previous oral ruling was not an action "on the merits" of the case. Instead, filing the written order was an administrative process that effectuated a ruling made before Mondy filed his motion to recuse. Thus, we find no merit in this enumeration of error.

2. Mondy contends that the trial court erred in granting Magnolia's motion seeking to find him in contempt for violating a previous court order. Because the trial court sought to punish Mondy for actions already taken rather than coerce him to take actions, the contempt was criminal in nature rather than civil. See generally, *Ensley v. Ensley*, 239 Ga. 860, 861 (238 SE2d 920) (1977).

On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court.

*In re Patterson*, 331 Ga. App. 45 (769 SE2d 762) (2015) (citation omitted).

Here, Magnolia filed a motion for contempt, and at the end of a hearing on the motion, the trial court granted the contempt motion in open court. As discussed previously, Mondy filed a motion to recuse the judge a week later, and two weeks after that the trial court issued its written order granting the contempt motion, then issued a written order voluntarily recusing from the case. In its written order, the trial court found that Mondy had willfully violated the court's order enjoining Mondy's client from disclosing "any non-public information of Magnolia, including but not limited to trade secrets and confidential information." Mondy violated the order, the court held, by attaching certain exhibits to his reply to Magnolia's motion to quash a subpoena in a federal court case a competitor had brought against Magnolia. In both its oral and written rulings, the trial court reserved the issue of whether Magnolia was entitled to an award of attorney fees under OCGA § 9-15-14.

6

In his notice of appeal, Mondy designated 14 documents to be included in the appellate record and directed the trial court clerk to omit everything else from the appellate record.[2] The resulting record is 950 pages long, but while the order of contempt quotes a portion of the earlier injunction that served as the basis for its contempt finding, the record does not include a copy of that earlier injunction. Nor does it contain a copy of Magnolia's previous motion for contempt, which alleged a violation of a different trial court's order or of this trial court's denial of that previous motion, all of which may be relevant to the trial court's contempt finding. Finally, while the record does contain a copy of the federal court pleading Mondy filed, which was included in Mondy's motion to recuse the trial court in this case, the appellate record does not contain a copy of the exhibits that were attached to the federal pleading, which the trial court found to be "non-public," subject to its injunction, and disclosed in violation of its injunction.

In light of the incomplete record, we must affirm the trial court's finding of contempt.

---

[2]OCGA § 5-6-37 directs an appellant include in his notice of appeal "a designation of those portions of the record to be omitted from the record on appeal." Listing the documents omitted allows this court to see which documents were presented to the trial court but excluded from the appellate record.

3. Finally, Mondy enumerates as error that the trial court granted Magnolia's motion to compel discovery responses and its related request for attorney fees. The trial court heard Magnolia's motion to compel after hearing its motion for contempt, orally granted the motion as to each matter requested, and gave Magnolia 20 days to prepare a proposed order. Unlike the contempt motion, however, the trial court's ruling on Magnolia's motion to compel discovery responses was not reduced to writing and filed before the trial court voluntarily recused from the case.

An "oral order [is] neither final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk." *Hill v. State*, 281 Ga. 795, 799 (642 SE2d 64) (2007). See also *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003) ("[T]here can be no appeal from an oral announcement that a judgment will be rendered, since no judgment is effective until it is signed by the judge and filed with the clerk." (citation and punctuation omitted)).

Accordingly, we find no merit to Mondy's enumerations of error related to the trial court's oral discovery rulings.

*Judgment affirmed. Rickman and Self, JJ., concur.*

8

**A16A1651. MONDY v. MAGNOLIA ADVANCED MATERIALS.**

ON MOTION FOR RECONSIDERATION

Mondy has filed a motion for reconsideration of this opinion. In addition to reiterating arguments that are addressed in the opinion, Mondy disagrees that the record on appeal is incomplete. Mondy is correct that the trial court's permanent injunction underpinning the contempt order is in the record after all. It is one of 20 unindexed exhibits totaling 240 pages that were attached to Mondy's affidavit supporting his motion to recuse the trial court. Mondy did not cite to this order in his previous briefs, however, and "we will not cull the record on a party's behalf to locate information in support of the party's argument." *Doherty v. Brown*, 339 Ga. App. 567, 573 (2), n. 4 (794 SE2d 217) (2016).

Mondy also cites two additional exhibits, against attached to his affidavit, as evidence in the record upon which the trial court relied. Mondy also did not previously cite to these documents in his briefs. Additionally, the trial court found that Mondy violated its injunction by attaching at least five documents to his federal pleading, not just two. Finally, while Mondy argues that a preceding contempt motion was not relevant to his appeal and thus its absence from the record was harmless, the preceding motion was discussed during the contempt hearing.

In sum, Mondy's efforts to identify the evidence in the record supporting his

claims of error are unavailing at this late date.  His motion to supplement the record

and his motion for reconsideration are both denied.