# Court of Appeals
# of the State of Georgia

ATLANTA, February 14, 2018

*The Court of Appeals hereby passes the following order:*

**A17A1406. WOODHAM v. THE ATLANTA DEVELOPMENT AUTHORITY.**

The Appellant filed the instant direct appeal from the trial court's order that he pay the Appellee $18,862.74 in legal fees and costs due to his failure to comply with the court's discovery orders. In the order at issue here, the court did not find the Appellant to be in contempt of those discovery orders, nor did it order that he pay the attorney fees in order to purge himself of contempt.[1] Thus, the order was not directly appealable as a contempt judgment.[2]

This Court, however, is unable to determine whether the order awarding attorney fees was based upon OCGA §§ 9-11-37 or 9-15-14,[3] because the order does

---

[1] Compare *Woodham v. Atlanta Dev. Auth.*, 335 Ga. App. 126, 130-131 (4) (779 SE2d 116) (2015) (ruling that there was sufficient evidence to support the trial court's finding that the Appellant was in contempt of court, but holding that the trial court did not have the authority to make payment of attorney fees and costs of litigation a condition for purging contempt because those fees and costs had not been awarded in a previous order).

[2] See *American Med. Security Group v. Parker*, 284 Ga. 102 (663 SE2d 697) (2008) (holding that an order sanctioning the Appellant for failing to comply with a prior discovery order was not directly appealable as a contempt judgment under OCGA § 5-6-34 (a) (2) because "it [did] not impose a sanction that is available for criminal contempt and [did] not attempt to coerce compliance with the prior discovery order as in cases involving civil contempt").

[3] See *Hart v. Redmond Regional Med. Ctr.*, 300 Ga. App. 641, 642 (686 SE2d 130) (2009) (After the Appellant failed to comply with the trial court's discovery orders, the court awarded the Appellees attorney fees under both OCGA §§ 9-11-37

not cite to either statute. Regardless, an award of attorney fees under either provision is not directly appealable to this Court.

Under OCGA § 5-6-35 (a) (10), in order to appeal an award of attorney fees and expenses of litigation under OCGA § 9-15-14, an Appellant must first file an application for discretionary review.[4] Further, in order to appeal an award of attorney fees under OCGA § 9-11-37, an Appellant must secure a certificate of immediate review from the trial court before filing an application for interlocutory review in this Court, pursuant to OCGA § 5-6-34 (b).[5]

The Appellant's failure to comply with these application procedures deprives this Court of jurisdiction to consider this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__02/14/2018_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*

---

and 9-15-14, based upon the Appellant's and his counsel's "improper conduct during this litigation and noncompliance with the rules of discovery and with the trial court's order following [A]ppellees' motion to compel, having unnecessarily expanded the proceedings, necessitating additional action by the [A]ppellees, including but not limited to, the filing of additional motions.") (punctuation and footnote omitted).

[4] See *Jones v. Padgett*, 186 Ga. App. 362, 363 (2) (367 SE2d 88) (1988).

[5] See *American Med. Security Group*, 284 Ga. at 104 (4) (holding that a trial court's interlocutory order imposing sanctions on the Appellants for the failure to comply with discovery orders "falls under the general rule that orders imposing discovery sanctions under OCGA § 9-11-37 . . . are not directly appealable.") (footnote omitted).