**FOURTH DIVISION**
**PHIPPS, P. J.,**
**ANDREWS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 29, 2012**

# In the Court of Appeals of Georgia

A11A0768. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH v. BATSON-COOK COMPANY ET AL.

MCFADDEN, Judge.

In *Mayor & Aldermen of the City of Savannah v. Batson-Cook Co.*, __ Ga. __ (__ SE2d __) (Case No. S11G1814, decided May 29, 2012), the Supreme Court reversed and remanded with direction Division 1 of our decision in *Mayor & Aldermen of the City of Savannah v. Batson-Cook Co.*, 310 Ga. App. 878 (714 SE2d 242) (2011), in which we affirmed the trial court's denial of the City of Savannah's motion to recuse the trial court judge. The Supreme Court held that the trial court judge should have assigned the motion to recuse to another judge for resolution, and directed us to remand the case to the Superior Court of Troup County for disposition of the motion to recuse by a different judge. __ Ga. at __ (2) (b) (ii).

Because the Supreme Court's decision addressed only one of the Divisions in our opinion, we are required

> (1) to read [the Supreme] Court's opinion within the context of the opinion being reversed; (2) to determine whether any portions of the opinion being reversed were neither addressed nor considered by the Supreme Court; and (3) [to] enter an appropriate disposition with regard to those portions that is consistent with the issues addressed and considered by this Court.

*Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001). After so doing, we find that Divisions 2, 3, 4, 5, 6, 7 and 8 of our opinion are consistent with and were not affected by the Supreme Court's decision. Accordingly, Division 1 of our opinion is vacated and the judgment of the Supreme Court is made the judgment of this court for Division 1. The judgment of the trial court denying the motion to recuse is vacated, and the case is remanded for assignment of the motion to recuse to another judge for resolution. If the motion to recuse is granted, "then the proceedings that occurred after the filing of that motion are invalid and an interlocutory appeal of the grant of the motion may be sought." (Citations omitted.) *Morgan v. Propst*, 301 Ga. App. 402, 405 (1) (c) (688 SE2d 357) (2009). If the motion is denied, the trial court may reenter the judgment on the jury verdict. Id.

2

*Judgment affirmed in part, vacated in part and case remanded with direction.*

*Phipps, P. J., and Andrews, J., concur.*

**ON MOTION FOR RECONSIDERATION**

The City of Savannah seeks reconsideration of our remittitur opinion. It argues that, upon remand, should the trial court grant the motion to recuse and thereby render invalid the trial court's subsequently entered rulings, then to the extent our opinion affirmed those rulings, our opinion would be incorrect and must be changed. On the contrary,

> when the Supreme Court reviews a decision by the Court of Appeals, any portions of the Court of Appeals' decision that are not considered by the Supreme Court are unaffected by the Supreme Court's opinion and become the law of the case. Thus, those portions of a Court of Appeals' decision that were not addressed by the Supreme Court are treated as affirmed and become binding upon the return of the remittitur to the extent they are consistent with the Supreme Court's opinion.

(Citations and punctuation omitted.) *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith*, 284 Ga. App. 387, 390 (643 SE2d 864) (2007). The Supreme Court held that the trial court erred in affirming the trial judge's denial of the motion to recuse and that the case must be remanded so that a different judge could dispose of the recusal motion. *Mayor & Aldermen of the City of Savannah*, supra, 291 Ga. at 121-122 (2) (b) (i). If a different judge, on remand, reached the same conclusion as the initial judge – that the motion to recuse should be denied – then the trial court would be

authorized to "reenter the judgment on the jury verdict and its subsequent orders." (Citation omitted.) *Morgan*, supra, 301 Ga. App. at 405 (1) (c). Consequently, Divisions 2, 3, 4, 5, 6, and 8 of our opinion, which addressed the merits of the subsequently entered rulings, as well as Division 7, which addressed a previously entered ruling, were not inconsistent with the Supreme Court's opinion.

It is true that should the trial court grant the motion to recuse "then the proceedings that occurred after the filing of that motion are invalid." (Citations omitted.) *Morgan*, supra, 301 Ga. App. at 405 (1) (c). But we cannot issue an opinion that addresses potential rulings of the trial court in the case of that eventuality. *Bibbins v. State*, 280 Ga. 283, 284-285 (627 SE2d 29) (2006) ("Georgia appellate courts are not authorized to render advisory opinions as to potential error.") (citations omitted.)

Our rulings "not disturbed by [the Supreme] Court . . . remain[] the law of the case," *Ford v. Uniroyal Goodrich Tire Co.*, 270 Ga. 730, 731 (514 SE2d 201) (1999), and we are not authorized to change them. The parties are reminded, however, that the law-of-the-case "principle only establishes the law of the case in its *then* existing evidentiary posture." (Emphasis in original.) *Modern Roofing & Metal Works v. Owen*, 174 Ga. App. 875 (1) (332 SE2d 14) (1985). The parties also are reminded that

2

[r]ulings by Georgia trial and appellate courts are construed according to their substance and function and not merely by nomenclature. The goal is to give full effect to the totality of the opinion rendered rather than to read words in a vacuum. As such, the words [in the judgment line] should not be treated as magic words that can be read in isolation, separate and apart from the underlying substantive language and reasoning of the various appellate opinions issued in the case.

(Citations and punctuation omitted.) *Hedquist*, 284 Ga. App. at 391 (1).

The City of Savannah's motion for reconsideration is denied.