FINAL COPY
294 Ga. 468

S13A1853.  HORN v. SHEPHERD.

NAHMIAS, Justice.

This is the second time that the contentious post-divorce proceedings between appellant Randy Horn (Husband) and appellee Brandie Shepherd (Wife) have come to this Court.  After the case returned to the trial court on remand from Horn v. Shepherd, 292 Ga. 14 (732 SE2d 427) (2012) (Horn I), Husband filed a motion to recuse the assigned trial judge, and another judge from the circuit was assigned to hear the recusal motion.  After a hearing on the recusal motion, but prior to the entry of a written order, the new judge held a hearing on a contempt motion that had been filed in the case before the recusal motion.  The new judge issued an order holding Husband in contempt; the judge later entered an order recusing the judge originally assigned to the case.  We granted Husband's application to appeal the contempt order, and we now vacate that order because, as explained further below, the judge assigned to decide the recusal motion lacked authority to act on unrelated matters in the case.[1]

---

[1]  Husband also challenges the contempt order on other grounds, but our holding that the contempt order was entered without authority makes it unnecessary to address those contentions.

1. In 2009, the parties were divorced in Fayette County, and in 2010, Husband was found in contempt of the divorce decree for the first time. In 2011, Wife filed a second motion for contempt, and Husband responded by filing a combined motion for contempt and for modification of custody, visitation, and child support in Coweta County, where Wife was living by then. The proceedings were consolidated by agreement in Coweta County and assigned to Judge L. Jack Kirby, who entered a consent order appointing a guardian ad litem (GAL) for the parties' child.

On November 2, 2011, Judge Kirby entered a final order denying Husband's motion for modification, declining to hold Wife in contempt, and requiring Husband to pay the GAL's fees in full.[2] Also on November 2, Judge Kirby entered an order finding Husband in contempt of the divorce decree and the 2010 Fayette County contempt order and directing that he be incarcerated until he satisfied certain purge conditions. Husband filed a notice of intent to appeal, triggering an automatic stay of the contempt order. On November 10, the GAL filed a motion for contempt against Husband for non-payment of her

---

[2] The GAL had sent Husband a letter documenting her fees and reported to the court at a hearing that the fees balance was $5,368.48.

fees. The GAL and Wife also filed motions to require Husband to post a supersedeas bond. Judge Kirby entered an order allowing Husband to deposit $14,400 into the court's registry in lieu of posting the bond requested by Wife, and Husband deposited that amount. Judge Kirby also granted the GAL's bond motion and ordered Husband to post an additional bond within five days, but he did not post that bond or deposit additional funds into the court's registry.

Husband appealed Judge Kirby's final order, contempt order, and order granting Wife's bond motion. On October 15, 2012, we issued our opinion in Horn I, reversing the portion of the contempt order that conditioned Husband's release from custody on his payment of attorney fees associated with that contempt proceeding, see 292 Ga. at 21, but rejecting nine other enumerations of error, including Husband's challenge to the requirement that he pay all of the GAL fees, see id. at 16-21. After the remittitur was filed in the trial court, Judge Kirby entered an amended contempt order deleting the improper purge condition.

On December 13, 2012, Judge Kirby held a hearing at which the parties agreed that Wife should be paid $10,908.03 from the $14,400 deposited in the

3

court's registry. Five days later, on December 18, Husband filed a motion to recuse with a supporting affidavit, alleging that Judge Kirby had "some type of special relationship" with the GAL and Wife's counsel that prevented the judge from being impartial. On December 19, Judge Kirby forwarded the recusal motion to the chief judge of the Coweta Judicial Circuit. Also on December 19, Judge Kirby signed an order, filed on December 20 and said to be nunc pro tunc to December 13, directing the clerk of court to disburse $10,908.03 to Wife from the court's registry and to maintain the rest of the funds in the account until a hearing could be held to determine the final amount due to the GAL and how that amount would be paid. On January 7, 2013, the chief judge entered an order that said:

> [P]ursuant to Superior Court Rule 25.4 (c)[,] using the circuit's random, impartial case assignment method, Judge Dennis T. Blackmon . . . is hereby appointed to hear [Husband's] Motion to Recuse Judge Jack Kirby at a date and time selected by Judge Blackmon.

On January 15, 2013, the GAL filed a motion to release to her the remaining funds in the court's registry. On February 14, 2013, Judge Blackmon held a hearing on the recusal motion. On the day of the hearing, Husband filed an amended recusal motion and affidavit alleging that Judge Kirby's entry of the

4

order disbursing registry funds to Wife with knowledge that a recusal motion had been filed showed bias and that Judge Kirby had recently testified in a deposition in another matter that he had referred a friend and former client to four attorneys, including the GAL and Wife's attorney, because they were "good attorneys." Judge Blackmon announced at the hearing that he would grant the recusal motion. Judge Blackmon also said, "Since it may not be assigned to me, I can decide nothing else on this case, other than it will be assigned to another judge." However, Judge Blackmon did not enter a written order on the recusal motion at that time.

The following day, the GAL filed a rule nisi setting a hearing on March 27, 2013, before Judge Blackmon on her previously filed motions for contempt against Husband for non-payment of her fees and for release of the funds remaining in the court's registry. After the March 27 hearing, Judge Blackmon entered a handwritten order finding Husband in contempt for failing to pay the GAL $5,368.48 in fees and also for failing to provide Wife's counsel with retirement account statements as required by the November 2011 contempt order. Judge Blackmon directed that Husband be incarcerated until he purged the contempt by providing the account statements and by paying the GAL

$1,876.51 "in addition to the amount she shall receive from the order releasing funds" from the court's registry.[3] On March 29, Husband filed a notice of intent to appeal to trigger an automatic stay of the contempt order. On April 10, 2013, Judge Blackmon entered an order recusing Judge Kirby and directing the clerk of court "to randomly assign this matter to a Judge of this Circuit other than Judge Jack Kirby for any future hearings and for final disposition." The record does not contain an order reassigning the entire case to another judge.

We granted Husband's application for discretionary appeal from the March 27 contempt order, and Husband then filed a timely appeal. Wife did not file a response to the application or a brief on appeal.

2.    Husband contends that Judge Blackmon erred in entering the March 27, 2013 contempt order because the case was assigned to Judge Blackmon solely to decide Husband's recusal motion. We agree.

(a)    This case is controlled by the Uniform Superior Court Rules. USCR 3.3 says: "The judge to whom any action is assigned shall have

---

[3] The record does not contain an order releasing funds from the registry to the GAL.

exclusive control of such action, except as provided in these rules, and no person shall change any assignment except by order of the judge affected and as provided in these rules." USCR 25.3 explains that when the assigned judge is presented with a recusal motion that is accompanied by an affidavit, "the judge shall temporarily cease to act upon the merits of the matter" and shall determine immediately: (1) whether the motion is timely;[4] (2) whether the affidavit is legally sufficient;[5] and (3) whether recusal would be warranted assuming some or all of the facts set forth in the affidavit were true.[6] In

---

[4] The motion and accompanying affidavit are timely only if filed and presented to the judge within "five (5) days after the affiant first learned of the alleged grounds" and at least "ten (10) days prior to the hearing or trial which is the subject" of the motion, unless "good cause be shown for failure to meet such time requirements." USCR 25.1. Moreover, "[i]n no event shall the motion be allowed to delay the trial or proceeding." Id.

[5] Rules 25.1 and 25.2 specify requirements for affidavits accompanying recusal motions in addition to the requirements for affidavits generally. See Mayor & Aldermen of the City of Savannah v. Batson-Cook Co., 291 Ga. 114, 120 (728 SE2d 189) (2012) (describing "three elements essential to a complete affidavit"). For example, all evidence on the recusal motion must be presented by the accompanying affidavit or affidavits, which must "fully assert the facts upon which the motion is founded." USCR 25.1. Moreover, the affidavits must "clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of extra-judicial conduct or statements" showing either bias in favor of an adverse party, prejudice against the moving party in particular, or a systematic pattern of prejudicial conduct toward persons similarly situated to the moving party, which would "influence the judge and impede or prevent impartiality in that action." USCR 25.2.

[6] In deciding whether the facts alleged would warrant recusal, the assigned judge is to be "guided by Canon 3 (E) of the Georgia Code of Judicial Conduct," which says:
  (1)  Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where:

7

(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) the judge served as a lawyer in the matter of controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a witness or party in the matter of controversy;

(c) the judge or the judge's spouse, or a person within the sixth degree of relationship to either of them, or the spouse of such a person, or any other member of the judge's family residing in the judge's household:

    (i) is a party to the proceeding, or an officer, director, or trustee of a party;

    (ii) is acting as a lawyer in the proceeding;

    (iii) is known by the judge to have a more than de minimis interest that could be substantially affected by the outcome of the proceeding;

    (iv) is to the judge's knowledge likely to be a material witness in the proceeding.

(d) the judge has received or benefited from an aggregate amount of campaign contributions or support so as to create a reasonable question as to the judge's impartiality. When determining impartiality with respect to campaign contributions or support, the following may be considered:

    (i) amount of the contribution or support;

    (ii) timing of the contribution or support;

    (iii) relationship of contributor or supporter to the parties;

    (iv) impact of contribution or support;

    (v) nature of contributor's prior political activities or support and prior relationship with the judge;

    (vi) nature of case pending and its importance to the parties or counsel;

    (vii) contributions made independently in support of the judge over and above the maximum allowable contribution which may be contributed to the candidate; and

    (viii) any factor relevant to the issue of campaign contributions or support that causes the judge's impartiality to be questioned.

(e) the judge has made pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office, or statements that commit the candidate with respect to issues likely to come before the court.

evaluating a recusal motion, the assigned judge must keep in mind that "[a]llegations consisting of bare conclusions and opinions" are not legally sufficient to support a recusal motion or to justify forwarding the motion for decision by another judge. USCR 25.2. However, if the assigned judge finds that all three criteria are met, then another judge must be assigned "to hear the motion to recuse." USCR 25.3.

The judge whose recusal is sought "shall neither select nor participate in the selection" of the judge assigned to hear the recusal motion. USCR 25.5. In a judicial circuit with three or more superior court judges, like the Coweta Circuit, the judge selected to hear the recusal motion must be assigned using the circuit's "existing random, impartial case assignment method." USCR 25.4 (C).[7] The judge assigned to hear the recusal motion may decide it solely on the affidavits but also has discretion to convene an evidentiary hearing. See USCR

---

(2)    Judges shall keep informed about their personal and fiduciary economic interests, and make a reasonable effort to keep informed about the personal financial interests of their spouses and minor children residing in their households.

[7] If the circuit does not have random, impartial case assignment rules, "[t]he chief judge of the circuit shall select a judge within the circuit to hear the motion." USCR 25.4 (C) (1). Further provision is made for situations where the chief judge is the judge whose recusal is sought, see USCR 25.4 (C) (2), and where the recusal motion pertains to all active judges in the circuit, USCR 25.4 (C) (3).

25.6.  In either case, after considering the evidence, the judge must rule on the merits and "make written findings and conclusions."  Id.  If the motion is granted, the judge originally assigned to the case is recused, and another judge must then be selected to hear "the case" following the same procedure that was used to select the judge who decided the recusal motion.  Id.  The judge so selected then becomes the assigned judge, with "exclusive control of such action, except as provided" in the rules.  USCR 3.3.

(b)  In this case, no judge was authorized to rule on the GAL's pending contempt motion against Husband when Judge Blackmon did so on March 27, 2013.  At that time, Judge Kirby's authority, as the judge originally assigned to the case, was temporarily suspended due to the filing of the recusal motion and Judge Kirby's decision to refer the recusal motion to another judge.[8] Consistent with USCR 25.3, Judge Blackmon was assigned to the case only "to hear [Husband's] motion to recuse."  Judge Blackmon had not yet made the "written findings and conclusions" required to grant Husband's recusal motion

---

[8]  We note that Husband's original recusal motion did not specify when he first learned of the alleged ground for recusal or the nature of Judge Kirby's alleged "special relationship" with Wife's counsel and the GAL, but the propriety of Judge Kirby's decision to refer the recusal motion to another judge is not before us in this appeal.  Similarly, we do not address the merits of Judge Blackmon's order recusing Judge Kirby, which has not been appealed.

and remove Judge Kirby from the case. USCR 25.6. Indeed, the record does not contain an order reassigning the entire case to Judge Blackmon or another judge other than Judge Kirby.

The GAL's contempt motion was filed prior to Husband's filing of the recusal motion and was based on orders entered in the case prior to Judge Blackmon's limited appointment to decide the recusal motion.[9] We understand why a judge appointed to hear a recusal motion filed by a highly disputatious litigant might want to ensure that all pending issues in the case are addressed as expeditiously as possible, to prevent the use of recusal motions to delay resolution of the case. But there are other remedies for frivolous or vexatious recusal litigation. See, e.g., OCGA § 9-15-14 (award of attorney fees and litigation costs); USCR 25.1 (addressing recusal motions that are untimely or that would delay the proceeding). The best approach is for judges to promptly rule on recusal motions filed against them or assigned to them, in order to determine if a new judge needs to be assigned to the case and to ensure that a judge is properly authorized to rule on the other issues in the case.

---

[9] Nothing in this opinion should be read to suggest that Judge Blackmon lacked the authority to hold Husband in contempt for conduct committed in the court's presence or for conduct that was otherwise related to the recusal motion.

11

The Uniform Superior Court Rules are clear that "[t]he judge to whom any action is assigned shall have exclusive control of such action, except as provided in these rules," USCR 3.3, and that the assignment of a recusal motion to another judge authorizes the new judge only "to hear the motion to recuse," not the whole case, USCR 25.3. When Judge Blackmon entered the contempt order at issue, the case was still assigned to Judge Kirby. Thus, Judge Blackmon acted outside the scope of his limited appointment to decide the recusal motion, and we must vacate the March 27, 2013 order holding Husband in contempt and remand the case to be reassigned to a judge other than Judge Kirby for determination of the GAL's contempt motion and any other matters in the case.

Judgment vacated and case remanded. All the Justices concur.


Decided January 27, 2014.

Domestic relations. Coweta Superior Court. Before Judge Blackmon.

Celeste F. Brewer, for appellant.

Rosenzweig, Jones, Horne & Griffis, Melissa L. D. Griffis, Glover & Davis, Taylor B. Drake, for appellee.

12