**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**December 23, 2015**

# In the Court of Appeals of Georgia

A15A1800. PRICE v. REISH.

BARNES, Presiding Judge.

Following the grant of her application for interlocutory appeal, Tiffany Price appeals the trial court's order vacating her attorney's entry of appearance and denying her motion for recusal. Price contends that the trial court erred by failing to comply with the procedural framework for addressing recusal motions set forth in Uniform Superior Court Rule ("USCR") 25.3. We are constrained to agree with Price at this stage of the proceedings and therefore must vacate the trial court's order and remand for the proper application of USCR 25.3 in accordance with this opinion.

This case arises out of an ongoing conflict between Lisa Young Smith West, an attorney who routinely practices before the Superior Court of Fulton County, and one of the judges on that court, the Honorable Bensonetta Tipton Lane. The pertinent facts are as follows.

*The Prior Recusal Orders.* From late 2012 until 2014, Judge Lane recused from every case assigned to her in the Family Division of the Superior Court of Fulton County in which attorney West represented one of the parties. Some of the recusal orders were entered by Judge Lane sua sponte, while others were entered upon motion by one of the parties.

Judge Lane began entering the orders of recusal after West was retained to represent several parties in a matter pertaining to the estate of Judge Lane's deceased sister in the Probate Court of DeKalb County (the "probate court litigation"). In the probate court litigation, West, on behalf of her clients, filed motions to preserve and inspect records relating to the judicial reelection campaign of Judge Lane. The probate court granted West's motions over the objection of Judge Lane, and the probate court later entered an order permitting West to subpoena several email service providers to obtain emails of Judge Lane's deceased sister relating to the reelection campaign.

In her recusal orders, Judge Lane alluded to the probate court litigation by stating that West had "made false and inappropriate allegations in connection with the Court's recently deceased sister." Judge Lane found that her recusal from Family Division cases involving West was appropriate because reasonable members of the public could question whether she could decide those cases impartially.

2

Judge Lane entered recusal orders separately in each Family Division case involving West until September 2013, when she entered a "Standing Order of Recusal," declining to preside over any future case in which West appeared as either a party or counsel. Judge Lane ordered that any case assigned to her involving West should be automatically reassigned to another judge.

In May 2014, Judge Lane entered an "Order Vacating the Standing Order of Recusal." Judge Lane concluded that she had

> failed to anticipate the manner in which an automatic diversion of cases could prompt "Judge shopping," could undermine the system of random assignment of cases, and could cause cases to be from transferred from one Division to another late in litigation (and thereby expose extra delays and expense upon the litigants and extra burdens upon each Judge of the Family Division).

Judge Lane ruled that she would henceforth "provide more particularized consideration of the circumstances presented by each case" involving West to determine whether recusal was necessary.

*The Present Recusal Order.* In August 2014, Joel S. Reish filed a petition for modification of custody, visitation, and child support against his ex-wife, Price. The case was assigned to Judge Lane. Price filed a pro se response to the modification

petition. Price subsequently retained counsel, but her counsel was permitted to withdraw from the case on January 7, 2015.

On January 8, 2015, West and her law firm entered an appearance on behalf of Price. That same day, West filed a motion for recusal of Judge Lane on Price's behalf, arguing that the case should be reassigned to a different judge because Judge Lane was biased against West, as reflected by her prior recusal orders and the dispute between West and Judge Lane in the probate court litigation. In support of her recusal motion, West filed an affidavit in which she discussed the prior recusal orders and the probate court litigation. Attached as exhibits to Lane's affidavit were the prior recusal orders issued by Judge Lane, the Standing Order of Recusal and the order vacating the same, and an order issued in the probate court litigation reflecting the dispute over records pertaining to Judge Lane's reelection campaign.

On January 23, 2014, Judge Lane entered an order vacating West and her law firm's entry of appearance and denying the motion to recuse (the "recusal order"). In the recusal order, Judge Lane found, in relevant part:

> Since December 2012 the undersigned Judge has recused from all cases involving Ms. West. In several cases, Ms. West has entered an appearance after entry of a final order, requiring the Judge to whom the case is transferred to pore over the record in an effort to duplicate the

4

original Judge's familiarity with the facts and circumstances presented. . . . In [o]ther cases[,] Ms. West has entered an appearance in cases assigned to this Division before entry of a final order but after there has been significant litigation. . . .

Permitting a litigant who is unhappy with the manner in which their litigation is going to obtain transfer to a different judge by retaining counsel who is known to present a conflict of interest for the assigned judge simply sanctions judge-shopping. The random assignment of cases to the members of a particular bench is an important principle of Georgia law, one that both comports with due process and significantly strengthens public confidence in the actions of the judiciary. . . .

In addition, when a case is transferred from one division to another in mid-stream[,] the result is delays and additional expense for the parties as well as burdens upon the Court. The Court finds that a transfer of this case to a different Division is highly likely to delay trial, impose additional expense on the parties (both the party seeking the transfer and the opposing party), and place extra burdens upon the receiving Division.

There is no indication that there was a pre-existing attorney/client relationship between the respondent and Ms. West's firm or that she possesses specialized expertise regarding a subject at issue in this case. In light of the large number of highly skilled, well-experienced family law practitioners in the local Bar there is also no indication that the respondent lacks other opportunities to retain skilled counsel.

The Court finds that Ms. West knowingly "hired into a conflict." The Court further finds that permitting [Price] to hire Ms. West into an existing conflict would be the equivalent of allowing judge shopping. For the foregoing reasons the Entry of Appearance filed by Ms. West and The West Firm, P.C. is hereby VACATED and their participation in this litigation is disallowed. [Price's] motion for recusal/disqualification [from this] case is accordingly DENIED.

Following entry of the recusal order, Judge Lane granted a certificate of immediate review, and this Court granted the resulting application for interlocutory appeal. This appeal by Price followed.

1. Price contends that Judge Lane erred by not following the recusal procedure set forth in USCR 25.3. We are constrained to agree.

USCR 25.3, which provides the procedural framework governing motions to recuse a trial judge, states in relevant part:

When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be

6

authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse. . . .

As our Supreme Court has explained,

USCR 25.3 does not authorize a discretionary determination on the part of the trial judge presented with a motion and affidavit to recuse – the Rule states that another judge shall be assigned to hear the recusal motion if the motion is timely, the affidavit legally sufficient, and the facts set forth in the affidavit, when taken as true, would authorize recusal.

*Mayor & Aldermen of City of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 119 (1) (728 SE2d 189) (2012). If the criteria of USCR 25.3 have been satisfied and the motion to recuse is assigned to another judge, the assigned judge has the discretion to decide the motion based solely on the affidavits or conduct an evidentiary hearing, and the assigned judge's ultimate ruling on the merits of the motion must be accompanied by written findings of fact and conclusions of law. See USCR 25.6; *Batson-Cook Co.*, 291 Ga. at 116.

Here, Judge Lane did not find that Price's motion for recusal was untimely or that the supporting affidavit was legally or factually insufficient. Rather, she looked beyond the motion and affidavit to find that West had intentionally hired into a conflict

7

situation and was engaged in a pattern of judge shopping. However, when a trial judge is presented with a motion for his or her recusal,

> it is the duty of the judge to pass only on the legal sufficiency of the facts alleged to ascertain whether they support a charge of bias or prejudice. Neither the truth of the allegations *nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary*.

(Citations and punctuation omitted; emphasis supplied.) *State v. Fleming*, 245 Ga. 700, 702 (1) (267 SE2d 207) (1980). Consequently, Judge Lane was not authorized to inquire into the motives or good faith of West in bringing the motion to recuse on behalf of Price, and instead was limited to deciding whether the motion for recusal was timely, whether the affidavit was legally sufficient, and whether the facts set forth in the affidavit, if taken as true, would authorize recusal. See *Batson-Cook Co.*, 291 Ga. at 119 (1). We therefore must vacate the recusal order and remand for Judge Lane to consider the motion for recusal under the criteria set forth in USCR 25.3.

In reaching this conclusion, we stress that our opinion in this case should in no way be construed as condoning the practice of intentional judge shopping by hiring into a conflict situation. Under the Georgia Rules of Professional Conduct, a lawyer shall not represent a client if "the representation will result in violation of the

8

[disciplinary rules] or other law." Ga. Rules of Professional Conduct R. 1.16 (a) (1), found at State Bar Rules & Regs., Rule 4-102 (d) ("Bar Rule"). Thus, "[a] lawyer should not accept representation in a matter unless it can be performed competently, promptly, *without improper conflict of interest* and to completion." (Emphasis supplied.) Bar Rule 1.16, cmt. 1. Furthermore, "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client," Bar Rule 3.2, and shall not "engage in conduct intended to disrupt a tribunal." Bar Rule 3.5 (d).

Given these disciplinary rules, an attorney cannot ethically accept representation in a pending case, where the attorney knows that the case has been assigned to a trial judge with whom the attorney has an existing conflict, with the intent of orchestrating the judge's recusal and obtaining a more favorable outcome from a different judge. See *Baptiste v. State*, 229 Ga. App. 691, 694 (1) (494 SE2d 530) (1997) (rules of recusal are not intended to allow parties and their lawyers "to judge shop and to gain a trial advantage"). See also *United States v. Kelly*, 888 F2d 732, 746 (11th Cir. 1989) ("[A] recusal issue may not be abused as an element of trial strategy"); *Valley v. Phillips County Election Comm.*, 183 SW3d 557, 559 (Ark. 2004) (judge shopping violates lawyer disciplinary rules); *Grievance Administrator v. Fried*, 570 NW2d 262, 267 (Mich. 1997) (holding that a lawyer who joins a case for the principal reason of

9

causing recusal "is certainly subject to discipline"). Rather, an attorney who fears that a preexisting conflict with the assigned trial judge will cause the client to suffer should simply decline to accept the representation. See *Mann v. State*, 154 Ga. App. 677, 678 (1) (269 SE2d 863) (1980). "It is unethical conduct for a lawyer to . . . arrange disqualifications," *Fried*, 570 NW2d at 267, and such conduct constitutes impermissible judge shopping, "a practice that courts abhor." *Sears v. Citizens Exch. Bank of Pearson*, 166 Ga. App. 840, 842 (305 SE2d 609) (1983).

If Judge Lane were to find on remand that the criteria of USCR 25.3 have been satisfied, the judge then assigned to hear the motion to recuse on the merits would not be without recourse, if that judge were to find that there was an intentional effort at judge shopping in this case. A motion for recusal can be denied on the merits if an attorney or client is found to have engaged in intentional misconduct in an effort to compel the judge to recuse. See *Baptiste*, 229 Ga. App. at 695 (1). Additionally, the judge assigned to hear the recusal motion on the merits has authority to sanction an attorney for improper conduct related to the recusal motion, see *Horn v. Shepherd*, 294 Ga. 468, 473 (2) (b), n.9 (754 SE2d 367) (2014), and one possible sanction for violating lawyer disciplinary rules is the disqualification of counsel. See *Ford Motor Co. v. Young*, 322 Ga. App. 348, 356 (3) (745 SE2d 299) (2013). See also *Valley*, 183

10

SW3d at 559-560 (trial court acted within its discretion in disqualifying attorney upon finding that attorney had engaged in judge shopping in violation of disciplinary rules); *Disaster Restoration Dry Cleaning v. Pellerin Laundry Machinery Sales Co.*, 927 So2d 1094, 1101-1102 (La. 2006) (trial court could deny motion to "enroll" co-counsel if co-counsel was "hired for the purpose of disqualifying the judge"). Thus, our opinion in this case does not resolve whether judge shopping occurred and what the consequences should be if it did occur, but rather holds that resolution of the issue was premature at the current stage of the proceedings.

2. We need not consider Price's second enumeration of error in light of our decision in Division 1.

*Judgment vacated and case remanded with direction. McMillian, J., concurs. Ray, J., concurs in judgment only.*