**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 13, 2017**

# In the Court of Appeals of Georgia

A17A0163. EVANS et al. v. WILLIAMS et al.

REESE, Judge.

In this case arising from a petition to modify a trust, W. Michael Evans[1] appeals from an order denying his motion to recuse the trial court judge, as well as orders granting summary judgment to Weyman Evans, James Herring, and Billy Williams[2] (collectively, "Appellees"). For the reasons set forth, infra, we vacate the order denying Appellant's motion to recuse and remand this case with direction.

---

[1] Evans is acting in his capacity as "Conservator of and for the benefit of Nora Leah Banks Evans, beneficiary of the Nora Leah Banks Evans Trust (Amended); and as Guardian for Nora Leah Banks Evans."

[2] Weyman Evans is acting in his capacity as Trustee of the Nora Leah Banks Evans Trust (Amended), and Individually and as a Partner in the W. D. Evans Farm Partnership. James Herring and Billy Williams are acting as Trustees of the Nora Leah Banks Evans Trust (Amended).

1. As an initial matter, we must consider Appellant's first allegation of error, to wit: that the order denying his motion to recuse must be vacated because the judge who issued the order failed to include findings of fact and conclusions of law, as required by Uniform Superior Court Rule (USCR) 25.6. We agree.

The record in this case shows that Appellant filed a motion to recuse the judge presiding over the case, Judge Melanie B. Cross. Under such circumstances, USCR 25.3 provides as follows:

> When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit,[3] and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse.

In this case, after Judge Cross reviewed the Appellant's filings and referred the motion for disposition by another judge, Judge Harry Jay Altman, II, was appointed

---

[3] See USCR 25.1 ("All motions to recuse or disqualify a judge presiding in a particular case or proceeding shall be timely filed: in writing and all evidence thereon shall be presented by accompanying affidavit(s) which shall fully assert the facts upon which the motion is founded.").

to consider and rule upon the motion. In his order denying the motion to recuse, Judge Altman stated only that, after reviewing the motion, the responses thereto,[4] the "nature of the action," and "all surrounding circumstances," he found "that there [were] not adequate grounds to justify recusal of Judge Melanie B. Cross from hearing the action."

According to Appellant, this order fails to comply with USCR 25.6, which requires that a judge who rules upon a motion to recuse include written findings of fact and conclusions of law in its order on the motion.

> The judge assigned may consider the motion solely upon the affidavits, but may, in the exercise of discretion, convene an evidentiary hearing.[5] After consideration of the evidence, the judge assigned shall rule on the merits of the motion and *shall make written findings and conclusions*. If the motion is sustained, the selection of another judge to hear the case shall follow the same procedure as established in [USCR] 25.4 above. Any determination of disqualification shall not be competent evidence in any other case or proceedings.[6]

---

[4] No responses from Appellees appear in the record.

[5] In this case, there was no hearing on the motion to recuse.

[6] USCR 25.6 (emphasis supplied).

Thus, the final order on the merits of the motion to recuse by the judge who was assigned to decide the issue "must be accompanied by written findings of fact and conclusions of law."[7]

In this case, the record affirmatively shows that Judge Altman's recusal order fails to comply with USCR 25.6 as a matter of law, because it does not contain the written findings of fact and conclusions of law that are necessary to explain how and why he reached his decision.[8]

On appeal, Appellee Herring proposes several reasons why he believes Judge Altman would have been authorized to deny the motion to recuse. It was Judge Altman's duty under USCR 25.6, however, to provide a written explanation of his reasons for denying the motion. This Court cannot simply assume that Judge Altman

---

[7] *Price v. Reish*, 335 Ga. App. 491, 495 (1) (780 SE2d 745) (2015) (citations omitted) (physical precedent only); see *Mayor & Aldermen of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 116 (728 SE2d 189) (2012) ("the ruling on the merits of the motion [to recuse] shall be accompanied by written findings of fact and conclusions") (citation omitted).

[8] See *Mayor & Aldermen of Savannah*, 291 Ga. at 116; *Price v. Reish*, 335 Ga. App. at 495 (1); see generally *Sherman v. Dev. Auth. of Fulton County*, 320 Ga. App. 689, 693 (1) (740 SE2d 663) (2013) (holding "summary conclusions that contain no hint about the evidence or analysis the court relied on to arrive at them" were not "findings of fact" that were required by OCGA § 9-11-52 (a), nor were the trial court's "conclusions of law" adequate under that statute, because they cited to no legal authority and contained no analysis to explain the conclusions).

reached the same findings of fact and conclusions of law that Herring proposes, particularly when none of the Appellees filed a response to the recusal motion, no hearing was conducted, and the written order provides nothing substantive for this Court to review.

Appellees also argue that Appellant waived the Rule's requirement for written findings of fact and conclusions of law by failing to request them before or after Judge Altman issued his ruling and by failing to object to the recusal order when it was issued. They have failed, however, to cite to any authority that requires such a request, particularly given the plain language of USCR 25.6, or that provides for such a waiver, and this Court is not aware of any such authority.[9]

Consequently, we vacate the recusal order and remand the case to the trial court with direction to address the motion to recuse in an order that complies with USCR 25.6.

2. Given our decision in Division 1, supra, that there is not yet a valid order on the motion to recuse Judge Cross, it necessarily follows that we are unable to address the merits of Appellant's challenges to the summary judgment orders Judge Cross

---

[9] Compare USCR 25.6 with OCGA § 9-11-52 (b), (c) (expressly providing that a party may waive the trial court's findings of fact and conclusions of law that are required in certain circumstances under OCGA § 9-11-52 (a)).

issued in this case *after* the motion to recuse was filed. This is because, once the motion was filed and assigned to Judge Altman for a decision, Judge Cross' authority to issue any rulings in this case was suspended unless and until a valid order on the motion to recuse was issued.[10]

We note, however, that if, on remand, the motion to recuse is denied in a legally sufficient order, Judge Cross will be able to re-issue the summary judgment orders on the merits of this case.[11] Then Appellant will be able to re-file his appeal, challenging the new recusal order (if he chooses to do so) and re-asserting the rest of his enumerated errors.[12]

In the alternative, if the motion to recuse is granted, "then the proceedings that occurred after the filing of that motion are invalid[.]"[13] In that situation, Appellees

---

[10] See *Horn v. Shepherd*, 294 Ga. 468, 472-473 (2) (b) (754 SE2d 367) (2014); see also USCR 25.3 ("When a judge is presented with a motion to recuse, . . . accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter[.]").

[11] See *Gillis v. City of Waycross*, 247 Ga. App. 119, 122 (543 SE2d 423) (2000).

[12] See *Morgan v. Propst*, 301 Ga. App. 402, 405 (1) (c) (688 SE2d 357) (2009); *Gillis*, 247 Ga. App. at 122.

[13] See *Mayor & Aldermen of Savannah v. Batson-Cook Co.*, 318 Ga. App. 152, 153 (1) (734 SE2d 743) (2012) (citation and punctuation omitted).

6

may file an application for interlocutory review of the order granting the motion to recuse,[14] or the parties may choose to re-litigate the case under the direction of the newly appointed judge from the point when the motion to recuse was filed.

*Judgment vacated and case remanded with direction. Doyle, C. J., and Miller, P. J., concur.*

---

[14] See id.