# Court of Appeals
# of the State of Georgia

ATLANTA,  December 19, 2018

*The Court of Appeals hereby passes the following order:*

## A19D0201. JAMES DANIEL CUNNINGHAM et al. v. NAJARIAN CAPITAL, LLC et al.

Najarian Capital, LLC filed a dispossessory action in magistrate court against James Daniel Cunningham and all other occupants of property it had purchased at a foreclosure sale. The magistrate court entered judgment in favor of Najarian Capital. Cunningham appealed that ruling to superior court and also filed a separate civil action in superior court against the magistrate judge, the magistrate court marshal, and Najarian. The superior court entered an order sua sponte recusing itself in the new matter. Cunningham then filed this application for discretionary appeal, attaching both the magistrate court judgment and the superior court's recusal order. We lack jurisdiction to consider either ruling.

With respect to the magistrate court judgment, "[t]he only avenue of appeal available . . . is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751, 751 (406 SE2d 225) (1991). This Court may address magistrate court rulings only after they have been reviewed by the state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990). Ordinarily, we would transfer this application to a court having jurisdiction – i.e., the state or superior court – in accordance with the Georgia Constitution. See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("Any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere."); see also *Bosma v. Gunter*, 258 Ga. 664, 665 (373 SE2d 368) (1988). But as Cunningham has already appealed to the superior court, such a transfer is not necessary.

With respect to the superior court's recusal order in the new matter, that order is interlocutory because the case remains pending below. "[A] party wishing to appeal a pretrial ruling on a recusal motion has the option to seek an interlocutory appeal or to appeal immediately after an adverse final judgment." *Murphy v. Murphy*, 295 Ga. 376, 379 n.3 (761 SE2d 53) (2014); see also *Evans v. Williams*, 341 Ga. App. 226, 228-229 (2) (799 SE2d 362) (2017) (if a motion to recuse is granted, a party may file an application for interlocutory review of the recusal order, or choose to continue the case under the direction of the newly appointed judge). Cunningham's failure to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) deprives us of jurisdiction over this discretionary appeal.[1]

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   12/19/2018*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ *, Clerk.*

---

[1] Although Cunningham filed an application for discretionary appeal, compliance with the discretionary-appeal statute, OCGA § 5-6-35, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).